## WALSTON *v.* NEVIN.

## ROACH *v.* NEVIN.

ERROR TO THE COURT OF APPEALS OF THE COMMONWEALTH OF KENTUCKY.

Nos. 1129, 1160. Submitted November 26, 1888. — Decided December 10, 1888.

On motion to dismiss or affirm it is only necessary to print so much of the record as will enable the court to act understandingly, without referring to the transcript.

The party objecting that enough of the record is not printed to enable the court to act understandingly, on a motion to dismiss should make specific reference to the parts which he thinks should be supplied.

The Kentucky statute of March 24, 1882, which authorizes the city government of Louisville to open and improve streets and assess the cost thereof on the owners of adjoining lots, does not deprive such owners of their property without due process of law, and does not deny them the equal protection of the laws, and is not repugnant to Section 1 of the Fourteenth Amendment to the Constitution of the United States.

When on a motion to dismiss a writ of error or an appeal for want of jurisdiction or affirm the judgment below, it appears that there was color for the motion to dismiss, and that the contention of the plaintiff in error or the appellant has been often pressed upon the court and as often determined adversely, the motion to affirm will be granted.

THESE were motions to dismiss or affirm, under Rule 6, Paragraph 5, 108 U. S. 575. The case is stated in the opinion.

*Mr. J. K. Goodloe,* for the motion.

*Mr. B. F. Buckner* opposing.

Mr. Chief Justice Fuller delivered the opinion of the court.

Judgment was rendered in the Louisville Chancery Court in favor of the defendants in error in the first of the above-named causes, directing the enforcement of a lien given by a statute of the Commonwealth of Kentucky, approved March 24, 1882, entitled " An act to amend the charter of the city of Louisville," by a sale of certain lots in the city of Louisville owned by plaintiffs in error, to pay the amounts assessed against such lots for a local improvement, and, upon appeal, was affirmed by the Court of Appeals of Kentucky.

In the second case, which arose upon another local improvement, but involves the same questions here, the Louisville Chancery Court denied the defendants in error relief because in its opinion the proceedings for the improvement had not been properly taken; but the Court of Appeals reversed the judgment of the Chancellor and remanded the cause " with directions to enforce the lien and for proceedings consistent with the opinion herein, which is ordered to be certified to said court."

Writs of error were thereupon prosecuted to this court, to dismiss which motions are now made, united with motions to affirm under the rule.

A preliminary objection is raised that defendants in error should have caused the entire record to be printed. But we only require the printing of so much of the record as will enable us to act understandingly without referring to the transcript; and if, in the judgment of counsel opposing the motions, more in that respect was needed, he might have made such specific reference thereto as would have enabled counsel for the moving parties to have supplied it. As the cases stand, we have apparently been furnished with quite enough for the disposition of the questions involved. The parts of the statute necessary to be considered upon these motions are as follows :

" § 1. Public ways as used in this act shall mean all public streets, alleys, sidewalks, roads, lanes, avenues, highways, and thoroughfares, and shall be under the exclusive manage-

ment and control of said city, with power to improve them by original construction and reconstruction thereof as may be prescribed by ordinance. Improvements as applied to public ways shall mean all work and material used upon them in the construction and reconstruction thereof, and shall be made and done as may be prescribed either by ordinance or contract, approved by the general council.

"§ 2. When the improvement is the original construction of any street, road, lane, alley, or avenue, such improvement shall be made at the exclusive costs of the owners of lots in each fourth of a square, to be equally apportioned by the general council according to the number of square feet owned by them respectively, except that corner lots (say thirty feet front and extending back as may be prescribed by ordinance) shall pay twenty-five per cent more than others for such improvements. Each subdivision of territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public way shall state the depth on both sides fronting said improvement to be assessed for the cost of making the same according to the number of square feet owned by the parties respectively within the depth as set out in the ordinance. A lien shall exist for the cost of original improvement of public ways, . . . for the apportionment and interest thereon, at the rate of six per cent per annum against the respective lots and payments may be enforced upon the property bound therefor by proceedings in court; and no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules, and orders to do justice to all parties concerned. . . ."

"§ 4. . . . When improvements in public ways have been made, . . . and the contract therefor completed, the city engineer shall, by one insertion in one of the daily newspapers published in Louisville, give notice of the time and

place fixed for inspection and reception of the work by the city engineer or either of his assistants or deputies, and such owners, their agents and representatives, may appear and be heard before such engineer, his assistant or deputy, as to whether such improvements have been made in accordance with the ordinance authorizing the same and the contract therefor." 1 Kentucky Session Laws, 1881, 990.

In accordance with the provisions of this act the local improvements in question were made, and warrants issued for the sums apportioned against each of the lots belonging to plaintiffs in error as their share of the cost, to Joseph Nevin, the contractor, one of the defendants in error, who assigned them to Samuel B. Richardson, the other, and they brought the actions.

The plaintiffs in error set up in their pleadings, and insisted in the trial court, that the act of the General Assembly, so far as it authorized the cost of the improvements of streets and other ways to be assessed against the owners of lots and gave a lien thereon, in the manner therein provided, and all the proceedings thereunder, were in conflict with section one of the Fourteenth Amendment to the Constitution of the United States, as amounting to a deprivation of property without due process of law and a denial of the equal protection of the laws.

The statute has been repeatedly before the Kentucky Court of Appeals, which has sustained it as constitutional and proper legislation, the powers vested thereby in the local government being subjected to the supervision of the courts, "where the particular facts in each case can be examined, and the controversy determined by those rules and principles which have always governed courts in dealing with questions of assessment and taxation." *Preston* v. *Roberts,* 12 Bush, 570, 587; *Beck* v. *Obst,* 12 Bush, 268; *Broadway Baptist Church* v. *McAtee,* 8 Bush, 508, 516. Unjust, unequal, or arbitrary burdens are not authorized to be imposed by the terms of the act, and opportunity is given to every party interested to be heard in opposition to the enforcement of the liability in the courts, which are specifically authorized to "make all corrections, rules and orders to do justice to all parties concerned."

In *Davidson* v. *New Orleans*, 96 U. S. 97, 104, it was held by this court, Mr. Justice Miller delivering the opinion, "that whenever by the laws of a State, or by state authority, a tax, assessment, servitude, or other burden is imposed upon property for the public use, whether it be for the whole State or of some more limited portion of the community, and those laws provide for a mode of confirming or contesting the charge thus imposed, in the ordinary courts of justice, with such notice to the person, or such proceeding in regard to the property, as is appropriate to the nature of the case, the judgment in such proceedings cannot be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections. . . . It is not possible to hold that a party has, without due process of law, been deprived of his property, when, as regards the issues affecting it, he has, by the laws of the State, a fair trial in a court of justice, according to the modes of proceeding applicable to such a case." And the conclusion was reached that neither the corporate agency by which the work is done, the excessive price which the statute allows therefor, nor the relative importance of the work to the value of the land assessed, nor the fact that the assessment is made before the work is done, nor that the assessment is unequal as regards the benefits conferred, nor that personal judgments are rendered for the amount assessed, are matters in which the state authorities are controlled by the Federal Constitution. So the determination of the taxing district and the manner of the apportionment are all within the legislative power. *Spencer* v. *Merchant*, 125 U. S. 345; *Stanley* v. *Supervisors*, 121 U. S. 535, 550; *Mobile* v. *Kimball*, 102 U. S. 691; *Hagar* v. *Reclamation District No. 108*, 111 U. S. 701; *United States* v. *Memphis*, 97 U. S. 284; *Laramie County* v. *Albany County*, 92 U. S. 307. And whenever the law operates alike on all persons and property, similarly situated, equal protection cannot be said to be denied. *Wurts* v. *Hoagland*, 114 U. S. 606; *Railroad Company* v. *Richmond*, 96 U. S. 521, 529. The remedy for abuse is in the state courts, for, in the language of Mr. Justice Field in *Mobile* v. *Kimball*, "this court is not

the harbor in which the people of a city or county can find a refuge from ill-advised, unequal, and oppressive State legislation."

As the question raised in these cases is a Federal question (*Spencer* v. *Merchant, supra*), we will not sustain the motions to dismiss; but as there was, in our judgment, color for those motions, and the contention now made has often been pressed upon our attention before, and as often determined adversely, so that the rule must be regarded as settled, we shall grant the motions to affirm.

*Affirmed.*