## NORTHWESTERN LAUNDRY *v.* CITY OF DES MOINES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA.

No. 121. Argued December 9, 1915.—Decided January 10, 1916.

Where the decree of the District Court is a general one, and there is no attempt to make separate issue on the question of jurisdiction, but, the constitutional question is the basis of appeal to this court, the appeal brings up the whole case.

Where no state statute is shown giving an adequate remedy at law to one endeavoring to enjoin enforcement of an ordinance, this court must deal with the questions both state and Federal as they appear on the face of the bill.

A State may, by direct legislation or through authorized municipalities, declare the emission of dense smoke in cities or populous neighborhoods a nuisance and restrain it; and regulations to that effect, if not arbitrary, are not unconstitutional under the due process clause of the Fourteenth Amendment even though they affect the use of property or subject the owner to expense in complying with their terms.

Whether a statute, which repeals a former statute but reënacts the identical matter, affects the validity of ordinances established under the earlier statute, is a state matter.

The state courts not having passed upon the question of whether the ordinance involved in this case is in excess of the legislative grant, this court finds that it is not, and also finds that the Smoke Abatement Ordinance of Des Moines, Iowa, is not invalid under the state statute.

An ordinance, otherwise valid, which applies equally to all coming within its terms is not unconstitutional as denying equal protection of the law if there is reasonable basis for the classification, even though other businesses not affected might have been included within its scope.

The fact that a state police statute includes certain municipalities and omits others does not render it unconstitutional as denying equal protection of the law.

The Des Moines Smoke Abatement Ordinance is not unconstitutional

under the due process or equal protection provision of the Four-
teenth Amendment; nor is it in excess of the powers of the city under
the existing statutes of the State of Iowa.

THE facts, which involve the constitutionality, under the
due process and equal protection provisions of the Four-
teenth Amendment, and also the validity under the state
laws and Constitution, of the Smoke Abatement Ordinance
of the City of Des Moines, Iowa, are stated in the opinion.

*Mr. O. M. Brockett,* for appellant, submitted:

Injunction lies to restrain enforcement of invalid munic-
ipal ordinances, the execution of which injuriously affects
private rights. *Deems* v. *Baltimore,* 80 Maryland, 164;
*Mobile* v. *Louisville R. R.,* 84 Alabama, 115; *Stevens* v.
*St. Mary's School,* 143 Illinois, 336; *Austin* v. *Cemetery
Assn.,* 87 Texas, 330; *Bear* v. *Cedar Rapids,* 147 Iowa, 341.

It is a violation of the Fourteenth Amendment to vest
in any officer or body of officers wholly arbitrary and un-
regulated discretion to grant or withhold licenses to hold
and enjoy the natural and lawful rights of property and
occupation, as is attempted by provisions of the ordinance
complained of. *Yick Wo.* v. *Hopkins,* 118 U. S. 359; *Rich-
mond* v. *Dudley,* 129 Indiana, 112; *Grainger* v. *Douglass
Jockey Club,* 148 Fed. Rep. 513.

Prior to the enactment of Chap. 37, cities had no power
to declare what should constitute nuisances, or prescribe
punishment for their maintenance, nor to bring actions
in court for their abatement. *Everett* v. *Council Bluffs,* 46
Iowa, 66; *Cole* v. *Kegler,* 64 Iowa, 59; *Nevada* v. *Hutchins,*
59 Iowa, 506; *Knoxville* v. *C. B. & Q. R. R. Co.,* 83 Iowa,
636; *Chariton* v. *Barber,* 54 Iowa, 306; *City of Ottumwa* v.
*Chinn,* 75 Iowa, 407.

If the repealing clause, found in § 3 of the act of the
thirty-fifth general assembly, in fact repealed the act of
the thirty-fourth general assembly, the only authority

claimed for the offensive ordinance was thereby withdrawn and said ordinance was nullified. *Martin* v. *Oskaloosa*, 99 N. W. Rep. 557; *Pritchard* v. *Savannah Street Ry.*, (Ga.) 14 L. R. A. 712; *St. Louis* v. *Kellman*, 139 S. W. Rep. 433.

As to whether the act of the thirty-fourth general assembly was repealed by the act of the thirty-fifth general assembly see *United States* v. *Musgrave*, 160 Fed. Rep. 700; *United States* v. *Ninety-nine Diamonds*, 139 Fed. Rep. 961; *Kunkalman* v. *Gibson*, (Ind.) 84 N. E. Rep. 985.

As to its construction and the legislative intent, see *Elmer* v. *United States*, 45 Ct. Cl. 90; *Freeman* v. *People*, (Ill.) 89 N. E. Rep. 667; *People* v. *McCullough*, 143 Ill. App. 112; *Rockingham County* v. *Chase*, (N. H.) 71 Atl. Rep. 634; *Hampton* v. *Hickey*, (Ark.) 114 S. W. Rep. 707; *Thorton* v. *State*, 63 S. E. Rep. 301; *Buffalo* v. *Lewis*, (N. Y.) 84 N. E. Rep. 809; *Milligan* v. *Arnold*, (Ind.) 98 N. E. Rep. 822; *Pettiti* v. *State*, 121 Pac. Rep. 278.

As to repeal by reënactment, see *Murphy* v. *Utter*, 186 U. S. 95; *United States* v. *Tynen*, 11 Wall. 88; 36 Cyc. 1077; *Child* v. *Shower*, 18 Iowa, 272; *Allen* v. *Davenport*, 107 Iowa, 90; *Ogden* v. *Witherspoon*, 18 Fed. Cas. No. 19461.

The provisions of the ordinance which are the basis for the prosecutions complained of are in excess of the authority delegated by the acts of the thirty-fourth and thirty-fifth general assemblies in question. *Clark* v. *Davenport*, 14 Iowa, 500; *Tuttle* v. *Church*, 53 Fed. Rep. 425.

The features of the ordinance here involved are void for unreasonableness. *Davis* v. *Anita*, 73 Iowa, 325; *State Center* v. *Barenstien*, 66 Iowa, 249; *Meyers* v. *Chicago R. R. Co.*, 57 Iowa, 555; *Munsell* v. *Carthage*, 105 Ill. App. 119; *Everett* v. *Council Bluffs*, 46 Iowa, 66; *Bush* v. *Dubuque*, 69 Iowa, 233; *Centerville* v. *Miller*, 57 Iowa, 56; *St. Louis* v. *Heitzberg Packing Co.*, 141 Missouri, 375.

The second section of the acts of the thirty-fourth and thirty-fifth general assemblies, if construed to delegate authority to enact ordinances containing the provisions in question, are void because repugnant to both the state and Federal Constitutions. *Neola* v. *Reichart*, 131 Iowa, 492; *Iowa City* v. *McInnery*, 114 Iowa, 586; *Bloomfield* v. *Trimble*, 54 Iowa, 399; *Bear* v. *Cedar Rapids*, 141 Iowa, 341; *State* v. *Benke*, 9 Iowa, 203; *Geebrick* v. *State*, 52 Iowa, 401; *State* v. *Weir*, 33 Iowa, 134; *Weir* v. *Cram*, 37 Iowa, 649; *Court* v. *Des Moines*, 80 Iowa, 626; *State* v. *Des Moines*, 108 Iowa, 36; *Dowling* v. *Lancashire Ins. Co.*, (Wis.), 31 L. R. A. 112; *State* v. *King*, 37 Iowa, 649; *Des Moines* v. *Hillis*, 55 Iowa, 643; *Boyd Paving Co.* v. *Ward*, 85 Fed. Rep. 27; *State* v. *Copeland*, 69 N. W. Rep. 27; *State* v. *Tower*, 84 S. W. Rep. 10; *State* v. *Orange*, (N. J.), 36 Atl. Rep. 706.

*Mr. Eskil C. Carlson*, with whom *Mr. H. W. Byers*, and *Mr. Earl M. Steer*, were on the brief, for appellees.

MR. JUSTICE DAY delivered the opinion of the court.

The Northwestern Laundry and T. R. Hazard, its president, filed a bill in the District Court of the United States for the Southern District of Iowa, against the City of Des Moines, Iowa; James R. Hanna, Mayor; W. A. Needham, Commissioner; Zell G. Roe, Commissioner; F. T. Van Liew, Commissioner; J. I. Myerly, Commissioner; W. H. Byers, Commerce Counsel; R. O. Brennan, City Solicitor; Eskil C. Carlson, Assistant City Solicitor; Harry McNutt, Smoke Inspector; and Paul Beer, W. H. Harwood, L. Harbach, B. S. Walker and Geo. France, Members Smoke Abatement Commission. The purpose of the bill was to enjoin the enforcement of an ordinance of the City of Des Moines, effective September 6, 1911, which provided that the emission of dense smoke in por-

tions of that city should be a public nuisance and pro-
hibited the same.   To that end the ordinance authorized
the appointment of a Smoke Inspector, and otherwise
dealt with the subject with a view to effecting the pro-
hibitive purpose declared.   The case was heard upon the
bill and a motion practically amounting to a demurrer.

The bill and amended bill are very lengthy.   For our
purposes, their allegations and the requirements of the
ordinance, sufficiently appear in what is said in the dis-
cussion and disposition of the case.

The protection of the due process and equal protection
clauses of the Fourteenth Amendment is invoked.   It is
insisted that the ordinance is void because its standard of
efficiency requires the remodeling of practically all fur-
naces which were in existence at the time of its adoption;
it forbids remodeling or substituted equipment without a
prescribed license; it forbids new construction without
such license; it fails to specify approved equipment, and
instead delegates, first to the inspector, and second, to the
smoke abatement commission, the unregulated discretion
to arbitrarily prescribe the requirements in each case,
without reference to any other as to the required character
of smoke prevention device, thus making the right of com-
plainants and their class to own and operate such furnaces
subject to the pleasure of the inspector and commission.
It is averred that the ordinance exceeds the authority
delegated to the city by the legislature; that it attempts to
substitute its own definition of the crime and nuisance
committed by the emission of dense smoke for that enacted
by the legislature in the act under the pretended authority
of which the ordinance is adopted; that it is unreasonable
and tyrannical and exceeds the authority delegated for
want of uniformity as to the whole city and because the
exceptions specified are not natural and just.   It is alleged
that the ordinance prescribes arbitrary tests of degrees
of density, and enables the inspector to present irrebutta-

ble proof of violation; that it provides for unlimited prosecutions and successive fines, constituting excessive punishment in the aggregate, without adequate remedy or relief, and undertakes to deprive the courts of power to determine whether the nuisances have in fact been committed or maintained.

A motion to dismiss the bill covered three grounds: First, that the bill did not state any matter of equity entitling complainants to the relief prayed, nor were the facts, as stated in the bill, sufficient to entitle complainants to any relief against defendants; Second, that the bill showed upon its face that the complainants have a plain, speedy, and adequate remedy at law; and Third, as it appeared on the face of the bill that the complainants were all residents of the State of Iowa, and the relief demanded was against an ordinance of the defendant city, the court was without jurisdiction. The court sustained the motion, and entered a final decree dismissing the bill with prejudice. There was no attempt to make a separate issue on the question of jurisdiction, or to take an appeal upon that question alone to this court. Judicial Code, § 238, of March 3, 1911, c. 231, 36 Stat. 1087, 1157.

The decree was a general one on the merits, and, as the bill charged a violation of the Fourteenth Amendment not so frivolous as to fail to give original jurisdiction, the appeal to this court from the final decree brings the whole case here. *Holder* v. *Aultman*, 169 U. S. 81, 88; *Field* v. *Barber Asphalt Co.*, 194 U. S. 618, 620; *Boise Water Co.* v. *Boise City*, 230 U. S. 84, 91.

We are not furnished with any reference to an Iowa statute giving an adequate remedy at law, and we find none such. We have therefore to deal with the questions, Federal and state made upon the face of the bill.

So far as the Federal Constitution is concerned, we have no doubt the State may by itself or through authorized municipalities declare the emission of dense smoke in

cities or populous neighborhoods a nuisance and subject
to restraint as such; and that the harshness of such legisla-
tion, or its effect upon business interests, short of a merely
arbitrary enactment, are not valid constitutional objec-
tions.  Nor is there any valid Federal constitutional
objection in the fact that the regulation may require the
discontinuance of the use of property or subject the
occupant to large expense in complying with the terms
of the law or ordinance.  Recent cases in this court are
*Reinman* v. *Little Rock,* 237 U. S. 171; *Chicago & Alton
R. R.* v. *Tranberger,* 238 U. S. 67; *Hadacheck* v. *Sebastian,
Chief of Police,* decided December 20, 1915, *ante,* p. 394.

That such emission of smoke is within the regulatory
power of the State, has been often affirmed by state
courts.  *Harmon* v. *Chicago,* 110 Illinois, 400; *Bowers* v.
*Indianapolis,* 169 Indiana, 105; *Peoplc* v. *Lewis,* 86 Mich-
igan, 273; *St. Paul* v. *Haugbro,* 93 Minnesota, 59; *State* v.
*Tower,* 185 Missouri, 79; *Rochester* v. *Macauley-Fien
Milling Co.,* 199 N. Y. 207.  And such appears to be the
law in Iowa, *McGill* v. *Pintsch Compressing Co.,* 140
Iowa, 429.

It is contended that the ordinance is in excess of the
legislative authority conferred by the State of Iowa upon
the City of Des Moines.  This question does not seem to
have been directly passed upon by the Supreme Court of
Iowa.

The statute of Iowa enacted April 15th, 1911, before the
passage of this ordinance, is as follows:

"An Act declaring the emission of smoke within the
corporate limits of certain cities to be a public nuisance,
and conferring upon such cities additional powers for the
abatement of such nuisances.   .   .   .

"Be it enacted by the General Assembly of the State
of Iowa:

"Section 1. Declared a nuisance.  The emission of
dense smoke within the corporate limits of any of the

cities of this state now or hereafter having a population of sixty-five thousand (65,000) inhabitants or over, including cities acting under the commission plan of government is hereby declared to be a public nuisance.

"Section 2. Abatement.   Every such city is hereby empowered to provide by ordinance for the abatement of such nuisance either by fine or imprisonment or by action in the district court of the county in which such city is located, or by both, such action to be prosecuted in the name of the city.   They may also by ordinance provide all necessary rules and regulations for smoke inspection and the abatement and prevention of the smoke nuisance." Laws of Iowa, V. 34, chap. 37, p. 27.   Approved April 15, 1911.

The ordinance in question was passed on September 6, 1911, and became effective, as we have said, on that date. The City of Des Moines is within the terms of this act. On March 20, 1913, the legislature passed another law, as follows:

"An Act declaring the emission of smoke within the corporate limits of certain cities, including cities acting under special charter, to be a public nuisance, and conferring upon such cities additional powers for the abatement of such nuisances and repealing chapter thirty-seven of the laws of the thirty-fourth general assembly.   .   .   .

"Be it enacted by the General Assembly of the State of Iowa:

"Section 1. Declared a Nuisance.   The emission of dense smoke within the corporate limits of the cities of the state, including cities acting under commission form of government, now or hereafter having a population of thirty thousand or over and in cities acting under special charter or hereafter having a population of sixteen thousand or over, is hereby declared a nuisance.

"Section 2.   Abatement.   Every such city is hereby empowered to provide by ordinance for the abatement of

such nuisance either by fine or imprisonment, or by action in the district court of the county in which such city is located, or by both; such action to be prosecuted in the name of the city. They may also by ordinance provide all necessary rules and regulations for smoke inspection, and the abatement and prevention of the smoke nuisance.

"Section 3. Repeal. That chapter thirty-seven (37) of the laws of the thirty-fourth general assembly be and the same is hereby repealed." Laws of Iowa, V. 35, p. 43.

This statute likewise includes the City of Des Moines.

The former statute was repealed by the new one. The effect of this repeal upon the validity of the ordinance is a state question, and as we understand the Iowa decisions, the authority of the ordinance here in question remained unimpaired. The statutory change did not have the effect to annul the ordinance passed under the former identical grant of authority. *Allen* v. *Davenport,* 107 Iowa, 90; *State* v. *Prouty,* 115 Iowa, 657.

It is further contended that conceding the statutory authority the ordinance is in excess of the legislative grant. This question does not seem to have been passed upon specifically in any Iowa case called to our attention. The statute, after declaring the emission of dense smoke within the corporate limits of such cities as Des Moines, to be a nuisance, authorizes the city to provide by ordinance for the abatement of such nuisance by fine or imprisonment or by action in the District Court of the county, or both, such action to be prosecuted in the name of the city; and, furthermore, municipalities are authorized to provide by ordinance all necessary rules and regulations for smoke inspection and the abatement or prevention of the smoke nuisance. The Smoke Inspector must be qualified by training and experience to understand the theory and practice of smoke inspection. He has the benefit of counsel of the Smoke Abatement Commis-

sion, consisting of five members to be appointed by the City Council, at least one of whom must have had experience in the installation, and conduct of power and heating plants. From the Smoke Inspector there is an appeal to the Smoke Abatement Commission in case of disagreement over plans for newly constructed plants or reconstruction of old ones. This grant of authority would seem to be sufficient to authorize the passage of an ordinance of a reasonable nature, such as we believe the one now under consideration to be. It delegates authority to carry out details to boards of local commissioners. That such rules and regulations are valid, subject as they are to final consideration in the courts, to determine whether they are reasonably adapted to accomplish the purpose of a statute, has been frequently held. 2 Dillon Munic. Corps. 5th Ed. § 574. We find nothing in the Iowa cases to indicate that the Supreme Court of that State has laid down any different rule upon this question. That the courts of Iowa may be resorted to in case of an abuse of the powers vested in the Inspector and Commission seems to follow from the decision of the Supreme Court of the State in *Hubbell* v. *Higgins*, 138 Iowa, 136.

As to the attack upon the ordinance because of arbitrary classification, this question has been so often discussed that nothing further need be said. The ordinance applies equally to all coming within its terms, and the fact that other businesses might have been included, does not make such arbitrary classification as annuls the lgislation. Nor does it make classification illegal because certain cities are included and others omitted in the statute. *Eckerson* v. *Des Moines*, 137 Iowa, 452.

We think the District Court was right in dismissing the bill upon its merits.

*Affirmed.*