(106 So. 252)

No. 26870.

STATE ex rel. NATIONAL OIL WORKS OF LOUISIANA v. McSHANE, Mayor, et al.

(Nov. 2, 1925.)

(Syllabus by Editorial Staff.)

1. Mandamus ⚖️176 — Judgment restraining plaintiffs from operating sidewalk pumps for delivery of oil held not ground for complaint.

In mandamus to compel city to grant plaintiffs permit to remodel their building so as to construct a drive-in filling station, judgment for city restraining plaintiffs from operating sidewalk pumps for delivery of oil *held* not ground for complaint, where ordinance prohibiting such pumps was not attacked by plaintiffs as illegal or unconstitutional, and was in full force and effect when mandamus suit was filed.

2. Municipal corporations ⚖️626 — Ordinance removing oil stations not unconstitutional because only one street affected.

That street on which plaintiffs' filling station was located was first in order of time to be affected by ordinance removing oil stations from that street alone and not from other street did not make ordinance unconstitutional.

3. Constitutional law ⚖️225(1), 278(1)—Ordinance removing all oil stations from one street held not unconstitutional as denying due process and equal protection of law.

Ordinance removing all oil stations from a certain street, and applying equally to all business similarly situated, *held* not violative of U. S. Const. Amend. 14, or La. Const. 1921, art. 1, § 2, as denying due process and equal protection of the law.

4. Municipal corporations ⚖️605 — Municipality may abate nuisance.

Municipality has right to abate a nuisance, either in fact or in law, and a business need not be a nuisance per se to be regulated.

5. Municipal corporations ⚖️605 — Ordinance removing oil stations from street held valid exercise of police power.

Ordinance removing oil stations from a certain street, which oil stations constituted a nuisance in fact, *held* valid as an exercise of police power in interest of public safety, comfort, and welfare.

6. Constitutional law ⚖️92—Vested right cannot be asserted against proper exercise of police power.

A vested right cannot be asserted against proper exercise of police power.

7. Injunction ⚖️190 — Injunction restraining operation of oil stations or any kind of business on property held too broad.

Injunction restraining owners from operating oil stations "or any kind of business" on the property under an ordinance is too broad, and will be amended by striking out the quoted words.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Mandamus by the State, on relation of the National Oil Works of Louisiana, against Andrew J. McShane, Mayor, and others, with intervention by certain property owners. From the judgment, plaintiffs appeal. Amended and affirmed.

Nat W. Bond and Luther E. Hall, Jr., both of New Orleans, for appellants.

T. Semmes Walmsley, City Atty., Francis P. Burns, Asst. City Atty., and Ivey G. Kittredge, all of New Orleans, for appellees.

Sanders, Baldwin, Viosca & Haspel, of New Orleans, for interveners.

LAND, J. The National Oil Works operates a filling station, with sidewalk pumps, at the corner of St. Charles avenue and General Pershing street, in the city of New Orleans, and the Muller Service Station operates at the same location, as an adjunct to the oil station, a general automobile accessory business, repair shop, a garage, battery department, and several other branches of the automobile business.

Plaintiffs instituted the present suit on April 4, 1924, to compel the city of New Orleans by mandamus to grant them a permit to remodel their building so as to allow the construction of a drive-in filling station in lieu of sidewalk pumps, which are required to be removed under the provisions of Ordi-

nance 7554, Commission · Council Series, effective April 1, 1924.

Plaintiffs pray that the city of New Orleans be enjoined from enforcing the ordinance against sidewalk pumps until the drive-in station is constructed, although they do not attack in any manner the validity of this ordinance.

A preliminary injunction was issued by the civil district court for the parish of Orleans, as prayed for by plaintiffs, pending the decision of the court as to the mandamus proceeding.

On May 1, 1924, an intervention on behalf of certain property owners residing in the vicinity of St. Charles avenue and General Pershing street was filed, alleging that the business of plaintiffs was a nuisance in fact, and should be closed immediately, and praying for an injunction permanently restraining plaintiffs from operating the said business, or any kind of business, on the property in question.

The exception of no right or cause of action, pleaded by plaintiffs to the petition of the interveners, was overruled by the court below, and plaintiffs filed as an answer a general denial of the allegations contained in the petition of intervention.

On May 20, 1914, plaintiffs presented a supplemental and amended petition, alleging that, since the filing of this suit, the commission council of the city of New Orleans had introduced an ordinance, calendar No. 8162, providing that no one shall operate any garage or place where automobiles are stored or gasoline and automobile accessories are stored, or parked, on St. Charles avenue, from Jackson avenue to Carrollton avenue, and further providing that, after the date of the introduction of said ordinance, neither the owner, agent, nor operator of any existing business as described in said ordinance shall remodel, rebuild, or reconstruct the building wherein said business is carried on.

Plaintiffs also aver in said supplemental and amended petition that prior to, and at the time of, the institution of this suit, there was no ordinance forbidding the carrying on of a general automobile business, automobile garage, or a business for the sale of automobile accessories on St. Charles avenue, nor prohibiting the erection, or construction, of a place of business theretofore existing on said street.

Plaintiffs further aver that said ordinance was passed purely for the purpose of denying to them their rights for a permit to erect a drive-in station and to operate an automobile service station at St. Charles avenue and General Pershing street; that, prior to the passage of said ordinance, there was no law or ordinance which prevented plaintiffs from obtaining a permit for the erection and operation of a gasoline filling station at St. Charles avenue and General Pershing street; and that other property owners on St. Charles avenue, similarly situated to plaintiffs, have been granted permits for the construction and operation of stations for the sale of gasoline and automobile accessories; and that the action of the commission council of the city of New Orleans, in passing said ordinance, was solely for the purpose of placing plaintiffs in a class by itself.

Plaintiffs attack said ordinance as an unwarranted and arbitrary classification of their business, and allege that said ordinance is unconstitutional, null and void, as violating the due process clause and the equal protection of the law clause of the Fourteenth Amendment to the Constitution of the United States and section 2, art. 1, of the Constitution of 1921 of the state of Louisiana.

On June 18, 1924, the city of New Orleans filed a petition for an injunction in the civil district court for the parish of Orleans, alleging that plaintiffs, while their application for a mandamus for a permit was pending and undecided, were causing their building

to be remodeled, that a building permit for said construction was required by Ordinance No. 6712, N. C. S., particularly section 2 of said ordinance, and that the construction and operation of a gasoline filling station at the corner of St. Charles avenue and General Pershing street was prohibited by Ordinance No. 7558, C. C. S.

A preliminary injunction was issued on behalf of the city of New Orleans.

In the original and supplemental answer of the city of New Orleans, it is denied that plaintiffs were entitled to a building permit. It is also denied that the ordinance was adopted by the commission council solely for the purpose of reaching plaintiffs and their business and placing them in a class by themselves. On the contrary, it is averred in said answers that said ordinance was adopted in the interest of the public welfare and is legal, constitutional, and valid in all respects. It is further averred in said answers that plaintiffs' business was and is prohibited by various ordinances of the city of New Orleans, and expressly by Ordinances No. 7554, C. C. S., and No. 7558, C. C. S.

In the original answer of the city of New Orleans, an injunction is prayed for, prohibiting plaintiffs from maintaining and operating pumps at the corner of St. Charles avenue and General Pershing street for the delivery of gasoline to motor vehicles, and prohibiting plaintiffs from any longer occupying said sidewalk with said pumps.

Interveners also filed original and supplemental answers to the petition of plaintiffs, denying the allegations of the petition, admitting the passage of Ordinance No. 7558, and setting up other ordinances of the city of New Orleans, prohibiting plaintiffs' business.

Judgment was rendered by the court below in favor of the city of New Orleans, prohibiting and enjoining plaintiffs from operating their business on the sidewalk on St. Charles avenue, corner, of. General Pershing, and from otherwise violating Ordinance No. 7554, Commission Council Series. The petition of the city of New Orleans for a writ of injunction, filed June 18, 1924, was dismissed as in case of nonsuit, and the preliminary injunction issued was recalled, with reservation of all rights of the city of New Orleans.

Judgment was rendered by the court below in favor of interveners, rejecting the demands of plaintiffs, and recalling the alternative writ of mandamus and the preliminary injunction issued herein on behalf of plaintiffs.

Judgment was also rendered in favor of interveners, permanently enjoining plaintiffs "from operating the business described in the intervention, or *any* kind of business on the property described in the petition of relators, and enjoining and compelling them to abate and cease the said public and private nuisance."

1. The ordinance introduced as calendar No. 8162, and whose constitutionality is attacked in the supplemental and amended petition of plaintiffs, was adopted by the commission council of the city of New Orleans on May 6, 1924, as Ordinance No. 7869, C. C. S. This ordinance reads as follows:

"An ordinance prohibiting the establishment, erection or operation of certain specified buildings and businesses on St. Charles avenue, or within one hundred and fifty feet thereof, from the lower side of Jackson avenue to the levee above Carrollton avenue.

"Section 1. Be it ordained by the commission council of the city of New Orleans, that from and after the passage of this ordinance, it shall be unlawful for any person, firm, or corporation to operate or maintain or to erect or construct any building or part of building or other work for the purpose of operating or maintaining any garage or place where automobiles, trucks, or other gasoline propelled vehicles, or gasoline, automobile accessories or supplies of any kind, are stored, sold, parked, cleaned, repaired or manufactured, on St. Charles avenue, or within a distance of one hundred and fifty feet thereof, from the lower

side of Jackson avenue to the levee above Carrollton avenue.

"Sec. 2. Be it further ordained, etc., that any existing business of any kind specified in section 1 of this ordinance shall have until May 1st, 1925, to remove from the zone hereinabove described; provided that, in the meantime, no additions, enlargements, new construction, or rebuilding of any kind to or of such existing building or business shall be permitted after the date of introduction of this ordinance, nor shall the owner, proprietor, agent or operator of any such existing business engage in any additional branch or branches of such business after the date of the introduction of this ordinance; provided further that, in the event any such building or place shall become vacant, or any such business shall be for any reason discontinued for a period of ten (10) days, regardless of the intention of the owner or operator, such business or building shall thereby lose its identity and shall not thereafter be reestablished or used for any business hereinabove described in section 1.

"Sec. 3. Be it further ordained, etc., that any person, firm, partnership, agent or corporation violating any of the provisions of this ordinance shall upon conviction thereof before any court of competent jurisdiction be fined not more than twenty-five ($25.00) dollars or sentenced to imprisonment for not more than thirty (30) days, or both, at the discretion of the court having jurisdiction; and each day's violation shall constitute a separate and distinct offence.

"Sec. 4. Be it further ordained, etc., that all ordinances or parts of ordinances in conflict with the provisions of this ordinance be and the same are hereby repealed."

Ordinance No. 7554, C. C. S., adopted by the commission council of the city of New Orleans October 9, 1923, provides that—

"No pump or other receptacle for the delivery or service of gasoline and, or oil to any vehicle shall be installed, maintained or operated on any public street or sidewalk of the city of New Orleans, nor shall any portable or movable tank or pump for the service of oil and, or gasoline to any vehicle be operated in service on or across any public roadway or public sidewalk in the city of New Orleans."

The ordinance provides a penalty for its violation, and declares that its provisions shall go into effect on the streets named therein on certain dates, and "on Canal street, St. Charles avenue, and North street April 1, 1924."

[1] This ordinance is not attacked by plaintiffs as illegal or unconstitutional, and was in full force and effect when the present suit was filed by plaintiffs against the city of New Orleans to compel the commission council to issue a permit for the purpose of converting the building of plaintiffs into a drive-in station. It is clear, therefore, that plaintiffs cannot be heard to complain of the judgment of the lower court in favor of the city of New Orleans, in so far as said judgment perpetuates the injunction obtained by the city and permanently restrains plaintiffs from maintaining and operating on the sidewalk on St. Charles avenue, corner of General Pershing street, the pump or pumps then maintained or operated by plaintiffs for the delivery of gasoline to motor vehicles, and from otherwise violating Ordinance No. 7554, C. C. S.

The real issue in the case is as to the constitutionality of Ordinance No. 7869, C. C. S., assailed by plaintiffs in the present suit.

The right of the city of New Orleans to zone its territory is fully discussed by this court in State ex rel. Civello v. City of New Orleans et al., 154 La. 271, 97 So. 440, 33 A. L. R. 260. In that case the court said that—

"The Supreme Court of the United States has decided, at least three times since we decided the Calvo Case, that a municipal government may, for the general welfare, exercise the police power to the extent of forbidding the owners of property in a designated residence district to use their property for business purposes. See Hadacheck v. Los Angeles, 239 U. S. 394, 36 S. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927; Cusach v. Chicago, 242 U. S. 529, 37 S. Ct. 190, 61 L. Ed. 472, L. R. A. 1918A, 136, Ann. Cas. 1917C, 594; St. Louis Poster Co. v. St. Louis, 249 U. S. 269, 39 S. Ct. 274, 63 L. Ed. 599." Page 285, 97 So. 445.

In the Civello Case, the court also said:

"Aside from considerations of economic administration, in the matter of police and fire protection, street paving, etc., any business

establishment is likely to be a genuine nuisance in a neighborhood of residences. Places of business are noisy; they are apt to be disturbing at night; some of them a malodorous, some are unsightly; some are apt to breed rats, mice, roaches, flies, ants, etc."

"Property brings a better price in a residence neighborhood where business establishments are excluded than in a residence neighborhood where an objectionable business is apt to be established at any time."

"If the municipal council deemed any of the reasons which have been suggested, or any other substantial reason, a sufficient reason for adopting the ordinance in question, it is not the province of the court to take issue with the council. We have nothing to do with the question of the wisdom or good policy of municipal ordinances." Page 283, 97 So. 444.

The testimony of the mayor and the commission councilmen upon the trial of the case in the lower court clearly shows that the ordinance No. 7869, C. C. S., was passed for the purpose of protecting the safety of pedestrians and the minimizing of fire hazards, by the removal of oil-filling stations, not only from St. Charles avenue, but from other prominent thoroughfares.

This testimony also shows that St. Charles avenue was the logical place to begin with, because of the unusual vehicular and traffic conditions on that avenue, and the familiarity of the council with these conditions.

[2] The fact that St. Charles avenue was the first in order of time to be affected by an ordinance removing oil stations from that street alone, and not from other streets, does not make the ordinance unconstitutional. Hadacheck v. Sebastian, 239 U. S. 413, 36 S. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927; N. W. Laundry v. Des Moines, 239 U. S. 486, 36 S. Ct. 206, 60 L. Ed. 396.

The facts in the case do not support the contention of plaintiffs and appellants that the commission council, in adopting Ordinance No. 7869, C. C. S., had devised a method of refusing the permit asked for, and therefore that said ordinance was class legislation, directed solely at plaintiffs.

Nor does the evidence show that appellants had been unjustly discriminated against, in refusing the permit to them, when other persons situated similarly had been granted permits.

[3] The provisions of Ordinance No. 7869, C. C. S., evidently apply equally to all businesses similarly situated; and, in such cases, due process of law and equal protection of the law are had. Civello v. City of New Orleans, 154 La. 271, 97 So. 440; Walston v. Nevin, 128 U. S. 582, 9 S. Ct. 192, 32 L. Ed. 544; Leeper v. Texas, 139 U. S. 467, 11 S. Ct. 577, 35 L. Ed. 225; Duncan v. Mo., 152 U. S., 382, 14 S. Ct. 570, 38 L. Ed. 485.

The evidence tendered by the interveners clearly establishes the fact that the business operated by plaintiffs is a nuisance in fact, because of the continuous noise made by the operation and honking of automobiles served at plaintiffs' gasoline station, and by the running of motors, and the hammering of mechanics while making repairs on the cars.

[4] It is a well-settled proposition of law that a municipality has a right to abate a nuisance, either in fact or in law, and that a business need not be a nuisance per se to be regulated. Ex parte Lacey, 108 Cal. 326, 41 P. 411, 38 L. R. A. 640, 49 Am. St. Rep. 93; Moses v. U. S., 16 App. D. C. 428, 50 L. R. A. 532; City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798; Reiman v. Little Rock, 237 U. S. 171, 35 S. Ct. 511, 59 L. Ed. 900.

[5] We conclude, therefore, that Ordinance No. 7869, C. C. S., is a valid exercise of the police power in the interest of public safety, comfort, and welfare.

[6] A vested right cannot be asserted against the proper exercise of the police power. To hold so would prevent development, and in the march of progress private interests must yield to the good of the community. Chicago & Alton R. R. v. Tranbarger, 238 U. S. 67, 35 S. Ct. 678, 59 L. Ed. 1204; Hada-

check v. Sebastian, 239 U. S. 409, 36 S. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927.

The fact, therefore, that plaintiffs' business had been established at this particular location long prior to the passage of the ordinance attacked, is unimportant.

[7] That part of the judgment, however, in favor of interveners perpetuating the injunction issued in their behalf and restraining plaintiffs "from operating the business described in the intervention *or any kind of business*" on the property" is too broad, and the judgment should be amended in this respect.

It is therefore ordered that the judgment appealed from be amended by striking out of said judgment "or any kind of business," and it is now ordered that said judgment, as amended, be and is hereby affirmed; interveners to pay the costs of appeal and plaintiffs and appellants to pay the costs of the lower court.