OPINION

OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

\* \* \* \* \* \*

QUESTIONS PROPOUNDED BY THE
HOUSE OF REPRESENTATIVES
IN AN ORDER DATED MAY 23, 1963
ANSWERED JUNE 5, 1963

HOUSE ORDER PROPOUNDING QUESTIONS
(New Title)

New Draft of: H. P. 846, L. D. 1233

## ONE HUNDRED AND FIRST LEGISLATURE

**Legislative Document**                                   **No. 1569**

H. P. 1094          House of Representatives, May 15, 1963

Reported by 5 members of the Committee on Taxation (Report "A") and printed under Joint Rules No. 10.

HARVEY R. PEASE, Clerk

STATE OF MAINE

IN THE YEAR OF OUR LORD
NINETEEN HUNDRED SIXTY-THREE

**AN ACT Amending the Charter of the City of Portland Relating to Imposition of a General Business and Occupation Tax.**

Be it enacted by the People of the State of Maine, as follows:

P. & S. L., 1961, c. 194, Art. VII-A, additional. Chapter 194 of the private and special laws of 1961 is amended by adding a new article VII-A, to read as follows:

### 'Article VII-A.

### General Business and Occupation Tax.

Sec. 1. General Business and Occupation Tax. The city council shall have power by ordinance to levy and impose a tax upon persons carrying on or exercising for gain or profit within the City of Portland any trade, business, profession, vocation or commercial activity, imposed generally or upon selected types or classes thereof, measured by the gross receipts or gross income from such activities carried on either permanently or temporarily within the city, but not to exceed 1% of such gross receipts. Such tax, when imposed, shall be in place of all taxation, except excise taxes, levied by the City of Portland on the personal property of persons subject to such tax.

Sec. 2. Exemptions. Such ordinance shall specify exemptions, and no such tax shall be imposed upon the gross receipts or gross income of any corporation or association now or hereafter taxed on such gross receipts or gross income by the State of Maine or by the United States.

Sec. 3. Procedures; penalties. Such ordinance shall provide definitions, administrative procedures, and all such other matters as shall be necessary and pertinent to the imposition and collection of such tax including both civil and criminal penalties and punishment. In the case of criminal penalties and punishment, such ordinance shall provide for a fine of not less than $100 nor more than $1,000 or by imprisonment for not more than 11 months, or by both. In the case of civil penalties and punishment, such ordinance shall provide for a penalty of 10% of the amount of the tax when it is unpaid due to negligence and 25% of the amount

of the tax when it is unpaid due to fraud with intent to evade the tax.

Sec. 4. Referendum; effective date. Such ordinance shall not take effect unless and until it shall have been accepted by the legal voters of the City of Portland at a regular municipal election or at a special municipal election called and held for such purpose. Such election shall be called, advertised and conducted according to the law relating to municipal elections. For the purposes of such election, the clerk shall reduce the subject matter to the following question: "Shall 'An Ordinance Levying and Imposing a General Business and Occupation Tax' be accepted?" The voters shall indicate by a cross or check mark, placed against the words "Yes" or "No" their opinion of the same. The result of such election shall be declared by the municipal officers and due certificate filed by the clerk with the Secretary of State. If a majority of the votes cast by the legal voters of the City of Portland are in favor of the acceptance of such ordinance, such ordinance shall take full effect in said City of Portland within 30 days after the effective date as specified in such ordinance.'

## STATE OF MAINE

In House

WHEREAS, it appears to the House of Representatives of the One Hundred and First Legislature that the following are important questions of law and that the occasion is a solemn one; and

WHEREAS, there is pending before the House the Bill entitled "AN ACT Amending the Charter of the City of Portland Relating to Imposition of a General Business and Occupation Tax" (H. P. 1094) (L. D. 1569) ; and

WHEREAS, the Constitutionality of said Bill has been questioned; and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of said Bill; now, therefore, be it

ORDERED, That the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the House, according to the provisions of the Constitution on this behalf, their opinion on the following questions, to wit:

QUESTION 1.   May the Legislature grant the right to one municipality to levy a tax by ordinance when such right is not granted at the same time to all other municipalities in the State?

QUESTION 2.   If the answer to Question 1 is in the affirmative, may the Legislature grant the right to a municipality to levy a tax upon persons carrying on or exercising within such municipality any trade, business, profession, vocation or commercial activity measured by the gross receipts or gross income from such activities?

QUESTION 3.   If the answers to the two foregoing Questions are in the affirmative, may the Legislature grant the right to such municipality to determine the rate of such tax upon selected types or classes of those persons subject to it, such tax not to exceed, however, one per cent of such gross receipts, in view of the provisions of the Constitution of Maine, Article IX, Section 8?

QUESTION 4.   If the answers to the first two Questions are in the affirmative, may the Legislature grant the right to a municipality to specify exemptions from such tax?

QUESTION 5.   If the answer to Question 1 is in the affirmative, would said Bill, if enacted into law and carried

out by an ordinance of the City of Portland enacted there-
under, be constitutional?

Name: (Libby)

Town: Portland

A true copy of an Order passed by the House of Representa-
tives of the 101st Legislature, May 23, A.D. 1963.

ATTEST   HARVEY R. PEASE
Clerk of the House


ANSWERS OF THE JUSTICES

To the Honorable House of Representatives of the
State of Maine:

In compliance with the provisions of Section 3 of Article
VI of the Constitution of Maine, we, the undersigned Jus-
tices of the Supreme Judicial Court, have the honor to sub-
mit the following answers to the questions propounded on
May 23, 1963.

QUESTION (1): May the Legislature grant the right to
one municipality to levy a tax by ordinance when such right
is not granted at the same time to all other municipalities in
the State?

ANSWER: The subject matter of question 1 is complex
and not amenable to a summary answer.

(a). The Legislature may not constitutionally grant to
one sole municipality the right to levy by ordinance a tax
upon real or personal property. The dictates of *Section 8
of Article IX of the Constitution of Maine* do not require
the Legislature to impose taxes upon all property within
the State but:

"Subject to the right to levy taxes for municipal and county purposes and to exceptions of the nature of those considered in *Hamilton v. Portland Pier Site District*, 120 Me. 15, and *Inhabitants of Sandy River Plantation v. Lewis and Maxcy*, 109 Me. 472 (Maine Forestry District Tax) permitting the assessment of special local taxes for special local purposes based upon local benefits, any and all taxes assessed upon real and personal property by the State must be assessed on all of the property in the State on an equal basis while that provision of the Constitution remains unchanged."

*Opinion of the Justices,* 146 Me. 239, 248.

By constitutional exception taxes upon *intangible personal property* need not be levied at the same rate as that applied to tangible personal property and to real property.

*Opinion of the Justices,* 102 Me. 527, 528; 133 Me. 525, 527; 141 Me. 442, 446.

*Portland* v. *Water Company,* 67 Me. 135, 136.

*Shawmut Manuf. Co.* v. *Benton,* 123 Me. 121, 129.

(b)   The Legislature may constitutionally grant the right to one sole municipality to levy by ordinance reasonable and unoppressive *excise, business, occupational, gross receipts and gross business income taxes* when such right is not granted at the same time to all other municipalities in the State.

" - - - But our Constitution contains no provision limiting the legislative imposition of excise taxes or, to use the language of the Court: 'Our Constitution imposes no restriction upon the Legislature in imposing taxes upon business.'   State v. Telegraph Co., 73 Maine 518, 531.   Opinion of Justices, 123 Me. 576, 577, 578.   See also, State v. Vahlsing, 147 Me. 417."

*Opinion of the Justices,* 155 Me. 30, 46.

"Further, the legislature can adopt such mode, or measure or rule as it deems best for determining

the amount of an excise or license tax to be imposed, so that it applies equally to all persons and corporations subject to the tax. It may make the amount depend on the capital employed, the gross earnings, or the net earnings, or upon some other element."

*Opinion of the Justices,* 102 Me. 527, 529.

"The position that the power of taxation belongs exclusively to the legislative branch of the government, no one will controvert. Under our system it is lodged nowhere else. But it is a power that may be delegated by the legislature to municipal corporations, which are merely instrumentalities of the State for the better administration of the government in matters of local concern - - - - "

*United States* v. *New Orleans,* 98 U. S. 381, 392.

" - - - It must be conceded, on the other hand, that these constitutional provisions do not prevent a State diversifying its legislation or other action to meet diversities in situations and conditions within its borders. There is no inhibition against a State making different regulations for different localities, for different kinds of business and occupations, for different rates and modes of taxation upon different kinds of occupations, and generally for different matters affecting differently the welfare of the people. Such different regulations of different matters are not discriminations between persons but only between things or situations. They make no discriminations for or against anyone as an individual, or as one of a class of individuals, but only for or against his locality, his business or occupation, the nature of his property, etc. He can avoid discrimination by varying his location, business, property, etc."

*State* v. *Mitchell,* 97 Me. 66, 71.

"Whenever the law operates alike upon all persons and property, similarly situated, equal protection cannot be said to be denied. *Walston v. Navin,* 128 U. S. 578."

*Leavitt* v. *C. & P. Railway Co.,* 90 Me. 153, 159.

" - - - And when legislation applies to particular bodies or associations, imposing upon them additional liabilities, it is not open to the objection that it denies to them the equal protection of the laws, if all persons brought under its influence are treated alike under the same conditions - - - - "
*Missouri Railway Co.* v. *Mackey,* 127 U. S. 205, 209.

QUESTION (2): If the answer to Question 1 is in the affirmative, may the Legislature grant the right to a municipality to levy a tax upon persons carrying on or exercising within such municipality any trade, business, profession, vocation or commercial activity measured by the gross receipts or gross income from such activities?

ANSWER: It will be noted that Question 1 necessitated a twofold answer, affirmative as to one element or phase and negative as to the other.

In response to Question 2 we answer that the Legislature may constitutionally grant the right to a municipality to levy a tax upon persons carrying on or exercising within such municipality any trade, business, profession, vocation or commercial activity measured by the gross receipts or gross income from such activities.

"It is a fundamental principle of constitutional law that the legislative power over taxation for public purposes, including all questions of what shall be taxed or exempted from taxation and all questions of kinds, forms and modes of taxation, is limited only by the positive requirements or prohibitions of the Constitution. It is also a fundamental principle that no act of the legislature shall be adjudged unconstitutional unless it is plainly forbidden by some plain provision of the Constitution. The only provision in the Constitution of this State relating to the exercise of legislative power of taxation is that in sect. 8 of Art. IX - - - - This provision simply requires that any tax which shall

be lawfully imposed upon any kind or class of real or personal property shall be apportioned and assessed upon all such property equally, etc. Portland v. Water Co. 67 Maine 135 - - - - "

*Opinions of the Justices,* 102 Me. 527, 528.

*Cooley, Taxation,* 4th ed., Vol. 1, § 75.

*Henderson Bridge Co.* v. *Henderson City,* 173 U. S. 614, 43 L. Ed. 823 (a local purpose tax).

*McQuillin, Municipal Corporations,* Vol. 16, § 44.07.

QUESTION (3): If the answers to the two foregoing Questions are in the affirmative, may the Legislature grant the right to such municipality to determine the rate of such tax upon selected types or classes of those persons subject to it, such tax not to exceed, however, one per cent of such gross receipts, in view of the provisions of the Constitution of Maine, Article IX, Section 8?

ANSWER: We answer in the affirmative.

The establishment of selected types or classes by ordinance must of course satisfy constitutional requirements and may not be arbitrary, unreasonable, capricious or unrelated to the purposes to be served.

There is no State constitutional limitation upon the authority of the Legislature to levy a gross receipts or excise tax for governmental or public purposes, or to delegate such authority to a municipality. (See authorities under Answer 1 b.)

QUESTION (4): If the answers to the first two Questions are in the affirmative, may the Legislature grant the right to a municipality to specify exemptions from such tax?

ANSWER: We answer in the affirmative. The Legislature may grant the right to a municipality to specify by reasonable classifications exemptions from such tax.

"Subject to constitutional restrictions, the legislature may delegate to municipalities the power to exempt certain property from municipal taxation, or it may itself exempt certain property from municipal taxation - - - - "

*McQuillin, Municipal Corporations,* 3d ed., Vol. 16, § 44.65, P. 172.

QUESTION (5): If the answer to Question 1 is in the affirmative, would said Bill, if enacted into law and carried out by an ordinance of the City of Portland enacted thereunder, be constitutional?

ANSWER: We are here concerned only with the constitutionality of a proposed enabling act.

We can hazard no opinion as to the constitutional validity of an unseen and unenacted ordinance of the City of Portland.

The last sentence of *Sec. 1 of the Bill, H. P. 1094 - L. D. 1569,* reads as follows:

" - - - - Such tax, when imposed, shall be in place of all taxation, except excise taxes, levied by the City of Portland on the personal property of persons subject to such tax."

The provision of that sentence exonerating from all personal property tax, — except excise taxes, — taxpayers subjected to gross receipt taxes is unconstitutional and violative of the mandate of *Section 8 of Article IX of the Constitution of Maine* enjoining that:

"All taxes upon real and personal estate, assessed by authority of this state, shall be apportioned and assessed equally according to the just value thereof; - - - - "

This Bill thus proposes a total tax exemption for all of a taxpayer's personal property. The Bill ignores such factors as how much of that personalty may have been employed

in that taxpayer's business or calling, what may be the value of the personal property so utilized in such business or calling and how much additional taxable property may be owned by the taxpayer or its value. There is no attempt to resort to any rationalized, equitable and equalizing formula such as can be found in *R. S., c. 16*, §§ *115, 125, 127, 128 and 132,* all as amended, acts taxing railroads, telephone, telegraph companies, or to such formulae as have been approved in *State* v. *Western Union Telegraph Co.,* 73 Me. 518 and in *State* v. *Maine Central R. R. Co.,* 74 Me. 376, 384, 385.

See, also, *Sears, Roebuck* v. *Presque Isle,* 150 Me. 181, 185.

With the elimination of the last sentence of Sec. 1, as quoted above, the Bill proposed is constitutional.

Dated at Portland, Maine, this fifth day of June, 1963.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN
CECIL J. SIDDALL
HAROLD C. MARDEN