REDMANN, Judge.
Plaintiff property owners appeal from a judgment dismissing on exception of no cause of action their suit seeking injunction against certain use of nearby property by defendant bank. Other defendants are related corporations and the owner of the land being used by the bank.
At one corner of Freret Street and Jefferson Avenue in New Orleans is situated Lot One of square 610, and this lot has continuously held a non-conforming status, allowing its use as a branch bank despite the two-family residential zoning of the lot.
*525 Although other matters have transpired which affect the parties’ thinking, we believe it necessary to add only the facts that adjacent Lot A, to the rear of Lot One and forming the corner of Freret and Val-mont streets, is zoned for neighborhood business district use and that a building permit has issued allowing construction of drive-through TV tellers on Lot A, which will be serviced by personnel situated on Lot One and to which automobiles would gain access by crossing Lot One.
Plaintiffs’ complaint may be characterized as primarily objecting to the extension or enlargement of the non-conforming use of Lot One by the use of Lot A.
Thus understood, plaintiffs’ petition attacks activities or proposed activities on Lot One. In this sense it cannot be subject to the objection (whatever its merit) that the issuance of a building permit for Lot A cannot be reviewed by the courts except after review by the city’s Board of Zoning Adjustments.
In respect to the banking business being done on Lot One, we consider the pneumatic tubes being used indistinguishable in principle from any messenger service to and from Lot A, and not wholly dissimilar to banking-by-mail. The resulting increase in business is not proscribed by the zoning ordinance, Ord. 4264 M.C.S., art. 12, § 5.[1]
The other question is whether the automobiles crossing (at least the back corner of) Lot One en route to the TV tellers on Lot A constitute an enlargement of the non-conforming use of Lot One. The plans show existing driveways and parking space already situated on Lot One. The ordinance was not violated by vehicles entering Lot One to park while the driver entered the building to transact banking business. Now the driver will enter Lot One to transact the same banking business (with a person situated on Lot One), but may, instead of parking, drive upon Lot A and utilize the pneumatic tube TV service to accomplish his purpose without leaving his vehicle. Again we conclude that the proposed use of Lot A may have the effect of increasing the frequency of use of Lot One, but does not, within the meaning of the Ordinance, extend or enlarge the nonconforming use of either building or land or any portion of either.
Finally we note that plaintiffs’ petition also claimed that the earlier (and now abandoned) use of Lot One with TV tellers created a nuisance of added lights, traffic noise, fumes and congestion, which plaintiffs apprehended would be worse with the TV tellers on Lot A. These allegations are in our judgment insufficient to state a cause of action to enjoin the employment of the TV tellers as a nuisance. They state an “inconvenience” only, which plaintiffs cannot prohibit; C.C. art. 668. We distinguish cases such as State ex rel. Dema Realty Co. v. Jacoby, 168 La. 752, 123 So. 314 (1929), and State ex rel. National Oil Works v. McShane, 159 La. 723, 106 So. 252 (1925), where the actions held abatable as nuisances were found to be prohibited by municipal ordinances. Here we make no such finding.
The judgment is affirmed.

. A nonconforming use of a building or a portion thereof, or of land or a portion thereof, shall not be extended or enlarged by the attachment of signs to the building, by the placement of signs or display materials on land outside of the buildings, or by the attachment of racks, balconies, or other projections from the building, or in any other manner, except when required by law or ordinance, provided, however, that buildings which are used for neither commercial nor industrial purposes and are nonconforming only as to height, yard areas, or lot area per family may be structurally altered and their cubical content increased if such alteration or increase in cubical content does not further encroach upon any required yard space or off-street parking area. Limitations as to cubical content and increase in floor area shall not apply to existing industrial uses in the Vieux Carre.