LOUIS S. KAPLAN, ARCHITECT, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EDWARD T. CATLETT AND JOSEPH P. OLP, TRADING AS DEALERS GAS AND OIL COMPANY, DEFENDANTS-APPELLANTS.

Submitted May 27, 1938—Decided October 17, 1938.

For the plaintiff-respondent, *Josephson & Josephson* (*Louis Josephson*).

For the defendants-appellants, *Patrick H. Harding.*

The opinion of the court was delivered by

CASE, J. The suit was instituted in the name of "Louis S. Kaplan, Inc., a corporation of the State of New Jersey," as plaintiff against Edward T. Catlett and Joseph P. Olp, trading as Dealers Gas & Oil Company, defendants, for the recovery of $304.78 (with interest and costs of suit) under an alleged agreement for the rendering of architectural services by that plaintiff for those defendants. Defendants answered that they did not trade and had not traded as Dealers Gas & Oil Company and that they had not entered into an agreement with the plaintiff. Plaintiff then gave notice that on September 24th, 1937, it would move before the Circuit Court judge sitting as Supreme Court commissioner in the Mercer Circuit to strike the answer as sham; and plaintiff filed in support the affidavit of its alleged president, Louis S. Kaplan. Annexed to the affidavit and incorporated therewith were a letter from Louis S. Kaplan individually to "Dealers Oil Company" proposing to render the services in accordance with the "verbal arrangements of yesterday with your Mr. Catlett," a bill of items rendered the defendants on the stationery of "Louis S. Kaplan, Member of American Institute of Architects," apparently showing the indebtedness as due to Kaplan personally and making no mention of a corporation, and some letters addressed to Mr. Kaplan personally on stationery of "Dealers Gas & Oil Company" and signed in the name of that company by either Catlett or Olp, or both. The defendants filed reply affidavits wherein it was averred that the defendants had never traded as Dealers Gas & Oil Company and that they had never individually or as a partnership done business with Louis S. Kaplan, Inc., a corporation; that Catlett was the president and that Olp was the secretary of Dealers Gas & Oil Company, a corporation, and that there had been an agreement between that corporation and Louis S. Kaplan individually; that the defendants had not known, at the time, that there was such a corporation as Louis S. Kaplan, Inc., and that as a matter of fact the records of the secretary of state disclosed that on February 15th, 1932, a corporation had been formed with the

name "The William A. Klemann Company and Louis S. Kaplan, Inc.;" that on March 26th, 1935, the name was changed to "Louis S. Kaplan, Architect, Incorporated," and that on May 7th, 1937, more than three months before the institution of suit, that corporation was dissolved by action of its stockholders; and annexed to the affidavits was the certificate of the secretary of state verifying the allegations concerning the plaintiff corporation.

The next matter of record is an order made by the Supreme Court commissioner, at the instance of plaintiff's attorney, on October 5th, 1937, ordering "that the defendants have leave to defend on condition that * * * the defendants, within ten days, make to the plaintiff, and file in the cause, a bond of the sum of $325 conditioned to pay such judgment, if any, as plaintiff may recover against them in this action, or pay into court the sum of $325 as security for such judgment as plaintiff may recover against them in this action." The order further directed that the name of the plaintiff be amended to "Louis S. Kaplan, Architect, Incorporated." Defendants refused either to file a bond or to make a cash deposit, with the result that when the cause was reached for trial and the plaintiff's case was in, the defense was suppressed and judgment in full was entered for the plaintiff. Defendants appeal from the judgment and contend that the court was without authority to make the order of October 5th, 1937. The commissioner in making the order filed no reasons. The plaintiff-respondent rests its case wholly upon Supreme Court rule No. 83. And there lies the issue.

Rule No. 83 is: "Leave to defend may be given unconditionally, or upon such terms as to giving security, or time or mode of authority, or otherwise, as may be deemed just." The rule, as we believe, applies to cases where leave to defend must be obtained. Leave to defend need not be obtained by a defendant whose case and pleadings are sound. The rule assumes a default by a defendant or some weakness in his pleadings or preliminary proofs whereby he may be held to have shown, or to have sustained, no lawful defense or to have lost his right to defend. It is a means of sanctuary

available at the discretion of the court to a derelict defendant whereby the summary judgment to which the plaintiff is strictly forthwith entitled may be at least deferred. Rules 80 to 85, inclusive, come under the caption "Summary Judgment," and the rule in question is one of that series, aimed at saving a suitor with a sound claim from the delays of a questionable defense or of sluggish defensive moves. But a defendant who promptly takes the steps required of him, whose answer presents a good defense and who, if challenged under rule 80, reasonably supports the essential factual assertions of his answer by affidavit or other proofs is and has been since the passage of the 1912 Practice act entitled as a matter of right, not of discretion or on terms, to have his answer sustained against a motion to strike. In *Meserole Securities Co.* v. *Dintenfass,* 108 *N. J. L.* 298 (at *p.* 303), wherein a judgment had been entered for the plaintiff upon complaint, answer, motion to strike answer, affidavits, counter-affidavits and the striking of the answer, Chancellor (then Supreme Court justice) Campbell, speaking for this court, said:

"The situation before us, therefore, is like unto one, where upon the trial of an issue, the trial court directed a verdict or ordered a nonsuit against the defendant. In such a case the question before this court always is, was there any proof which would have made such action erroneous, or which, on the contrary, would make for a legal defense. If so, reversible error exists in striking out the answer because the function of the trial court, in such a situation, has never been to pass upon the truth or falsity of such proofs. While formerly there was no review of judgments entered in this manner (*State Mutual Building and Loan Association* v. *Williams, supra*), now by the Practice act of 1912 such right is given. Reviewing the matter before us in this manner, the conclusion cannot be escaped that there was proof before the commissioner, which if truthful, and it was entitled to that credence—at least it put in question and dispute the question of payment and discharge of the judgment as to the defendant below—required the commissioner to deny the motion to strike out the answer in question."

To same effect are *Berger* v. *Rospond,* 108 *N. J. L.* 268, and *Barnes* v. *P. & D. Manufacturing Co., Inc.,* 117 *Id.* 156, in this court, and *Jaeger* v. *Naef,* 112 *Id.* 417, and *Torricelli* v. *Sebastini,* 112 *Id.* 458, in the Supreme Court.

Plaintiff's argument is that the absolute right, without regard to discretion or the abuse of it, lay in the commissioner to impose upon the defendants, as a condition of being permitted to defend, that they should secure the plaintiff in the payment of its possible judgment, and that since the commissioner had the right so to order, no appeal lies from that action. That manifestly is not now the law. Our decisions have correlated the position of a commissioner on such a motion to that of a trial judge on a motion to grant a nonsuit or to direct a verdict. We conclude that the order under review must be understood to carry the implicit finding that the defendants were not, on the pleadings and preliminary proofs, entitled to defend, whereupon, the right to defend being forfeited and the opportunity to defend thus becoming dependent upon court discretion, the discretion was exercised favorably to the defendant upon terms. The answer and supporting affidavits, in our opinion, raised and fairly sustained, with support in the plaintiff's proofs, the contention that the agreement sued upon was not made by them as individuals—the capacity in which they were sued and subjected to judgment—but by the corporation of which they were officers, and that such agreement as existed was made with Kaplan personally, and not with a corporation. Upon the holdings in the cited cases the motion to strike should have been denied.

The judgment will be reversed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Bodine, Porter, Dear, JJ.   6.

*For reversal*—Parker, Case, Donges, Heher, Perskie, Hetfield, Wells, WolfsKeil, Rafferty, Walker, JJ.   10.