CHARLES A. CORIELL, PROSECUTOR, v. BOROUGH OF DUNELLEN, A MUNICIPAL CORPORATION, ETC., ET AL., RESPONDENTS.

Argued January 17, 1939—Decided February 21, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Joseph J. Mutnick*.

For the respondents, *Oscar Kuritsky* and *Henry Handelman*.

PER CURIAM.

The writ of *certiorari* brings up for review the action of the Board of Adjustment of the borough of Dunellen in sustaining the decision of the inspector of buildings to deny a permit to erect a "drive-in" gas station on the southeast corner of South Washington avenue and South avenue. South avenue runs east and west and parallels, three hundred feet southerly therefrom, the main line of the Central Railroad

of New Jersey. The property faces on South Washington avenue. It is, and for many years has been, occupied exclusively as a residence. Prosecutor was formerly the owner and occupant. In about 1912 he sold, taking back a mortgage which he has recently foreclosed thereby again becoming the owner. He complains that the action of the board was unreasonable and arbitrary.

The plot lies partly in residence zone A and partly in residence zone B, both of which are restricted against "drive-in" gas stations. The opposite side of South avenue is zoned for industrial uses within which a "drive-in" gas station is permissible. The plot, by reason of abutting upon an industrial zone, is therefore so situated that the Board of Adjustment could have granted the permit had it deemed wise to do so. On the opposite corner is a dwelling house, so used. Southward from the prosecutor's premises the neighborhood is entirely residential. The property next, to the east, on South avenue is a residence, and beyond that is a licensed restaurant in existence at the time the zoning ordinance was passed thereby acquiring the status of a non-conforming use.

If a municipality is to be zoned for or against various uses, it is inevitable that zones with differing restrictions should abut, and it is likely that a degree of apparent hardship will thus be visited upon the more restricted area along the line of junction. It is not shown to us how this court may for that, and only that, reason command the allowance of an exception by a Board of Adjustment without ultimately sounding the death knell of the whole zoning movement. It may, of course, happen, and has happened, that the character of a neighborhood does not reasonably support the restrictions laid upon it and that court relief should therefore be, as it has been, given; but we discover no arbitrary disposition, either in the ordinance or in the action of the Board of Adjustment thereunder, in the instant case. We think that the determination was within the reasonable discretion of the board. Perhaps prosecutor, if his personal interest was not directly involved, would think likewise, for he is a member of the Board of Adjustment—although very properly he did

174

not sit herein—and as such joined with the rest of the board in unanimously denying a like application for the corner across the way. As his attorney put it: "There he was acting officially and here he is acting individually. That is the vast distinction."

The determination of the Zoning Board will be affirmed, and the writ dismissed, with costs.