ROMANA INGANNAMORT, PROSECUTOR, v. BOROUGH OF FAIR LAWN, A MUNICIPAL CORPORATION, ETC., DEFENDANT.

Argued July 24, 1945—Decided July 30, 1945.

Before Justice BODINE (at chambers under the statute).

For the prosecutor, *George I. Marcus.*

For the defendant, *John A. Christie.*

BODINE, J. The writ reviews an ordinance of the Borough of Fair Lawn, in the County of Bergen in this state, designated as Ordinance No. 276, being an amendment to the ordinance adopted by the Borough of Fair Lawn on December 12th, 1933 (a zoning ordinance).

The prosecutor owns a piece of property fronting on State Highway Route No. 4 in the Borough of Fair Lawn. She

purchased this property from a previous owner who used the property as a public golf practice range. She filed a map with the borough specifically reserving as business property the frontage facing on Route No. 4, being approximately 818.64 feet long and having a depth of 120 feet.

The borough amended its original zoning ordinance and zoned the property, in accordance with the map filed in 1939, as business property and it remained as business property until the adoption of the amendment to the zoning ordinance, known as Ordinance No. 276, adopted on March 23d, 1943, classifying this property as "D" residential zone limited to multiple family dwellings.

Within the area on Route No. 4 to Thirty-second Street, there is located the following: a diner, a gasoline station; property of the prosecutor, upon which property there is a small office building which was used by the prosecutor as an office in conjunction with the development of her property and now being temporarily used as a residence by reason of the shortage of housing; a taxpayer consisting of five stores; a 2½ story dwelling; a garage and gasoline station.

An expert real estate operator in Bergen County testified that Route No. 4 is not suitable for residential purposes or multiple family dwellings and that the adoption of the ordinance of 1943 was unreasonable, arbitrary and capricious. He further testified that Route No. 4 is undoubtedly the most important highway extending westerly for the full length of Bergen County from the George Washington Bridge to the Passaic River and is one of the most heavily traveled high-speed highways in the state.

The witnesses, called in behalf of the borough, testified that since Route No. 4 was opened no new residences have been erected upon it.

The lending institutions do not consider Route No. 4 suitable for residential purposes.

In the unreported case of the *Peoples Trust Company of Bergen County* v. *Township of Teaneck* and *The Estate of William Walter Phelps, Inc.,* v. *Township of Teaneck,* it was said:

"Manifestly, the prosecutors' properties are in an area much more devoted to business than to residence use. The

municipality cannot lift them out of a natural use merely because its expert thinks it would be better so to do. It has no power to close its eyes to the existing use and say it would be better otherwise.

"The statute provides as to zoning regulations that they, '* * * shall be in accordance with a comprehensive plan and designed for one or more of the following purposes: To lessen congestion in the streets; secure safety from fire, panic and other dangers; promote health, morals or the general welfare; provide adequate light and air; prevent the over-crowding of land and buildings; avoid undue concentration of population. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its particular suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality.' *R. S.* 40:55–32.

"The amendment in question, so far as it affects prosecutors' property, has no such scope. It merely limits the use of prosecutors' property. It arbitrarily takes from business use an area largely used and dedicated to that use. Because business has not grown fast enough the municipality decides that the property must be used for some other purpose. Under the terms of the ordinance when the municipality decides it wise it will let the landowner make some use of his property.

"The ordinance for the reasons given is unreasonable and void in so far as it affects the lands in question, and will be set aside."

The mere fact that the change in the ordinance was made at the suggestion of a city planning expert is not persuasive as to its reasonableness. The existing facts seem to show otherwise.

I am not persuaded that the application for the writ is premature. Building is at a virtual standstill because of war conditions. The ordinance, as amended, is a restriction upon the future use of the property in question. If unchallenged now, the landowner might be regarded as being in laches.

The ordinance, as amended, will be set aside as unreasonable and not within the power of the governing body adopting it, with costs.