MORRIS N. SCHARF, PROSECUTOR, v. RECORDER'S COURT OF THE BOROUGH OF RAMSEY, DEFENDANT.

Re-argued January 21, 1948—Decided June 1, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Morris N. Scharf, pro se (Milton T. Lasher* and *John W. Ockford,* of counsel).

For the defendant, *Romeo R. Napolitano (James A. Major,* of counsel).

The opinion of the court was delivered by

COLIE, J.   This writ brings up the conviction of Morris N. Scharf on a complaint charging him with violations of the amended zoning ordinance of the Borough of Ramsey.   In 1936 the borough enacted a zoning ordinance hereinafter referred to as Ordinance 204.   By that ordinance the premises here involved are located in an area designated as Zone A and restricted in use to "a single detached house used as a residence for one housekeeping unit."   The building was formerly a carriage house and stable.   About 1920 the northerly half was converted into a single family dwelling and was in use as such when the zoning ordinance was adopted.   In 1942 the prosecutor purchased the premises and desiring to make the southerly half habitable for living quarters applied to the building inspector for a permit "to construct partitions for living quarters, cutting in four additional windows and one doorway and lay new flooring and entrance to cellar" at an

estimated cost of $750. A permit issued and the changes were made. In July, 1943, the building inspector notified prosecutor of the violation and gave him until August 16th, 1943, to remove it. The following day, a summons issued at the instance of the borough but this proceeding was subsequently abandoned. In October, 1943, the prosecutor instituted a suit for a declaratory judgment. *Cf. Scharf* v. *Ramsey,* 134 *N. J. L.* 67. The questions raised on this *certiorari* were not touched upon by the Supreme Court in the cited decision. In the meantime, a new complaint against prosecutor for violations of the ordinance was stayed pending disposition of the suit for declaratory judgment and when the latter was decided, the borough proceeded with the complaint in the Criminal District Court. That proceeding terminated in a dismissal; the court holding that the zoning ordinance was invalid and would not sustain a conviction because it stripped the magistrate of any discretion in imposing the penalty upon conviction and therefore violated the provisions of *R. S.* 40:49–5. The borough sought no review of the adverse decision but instead enacted Ordinance 257 on July 9th, 1946.

Section 19 of Ordinance 204 provided for a fixed penalty of $100 for each day the violation continued and, after notice and order to desist, for a penalty of $200 per day. The amending ordinance was entitled "An ordinance re-affirming and amending" Ordinance 204, referred to its title at length, and then re-enacted all of section 19 in substantially the same language excepting the penalty paragraph which was changed to read:

"Any person who shall violate any provision of this ordinance shall be subject to a fine not exceeding Two Hundred Dollars ($200.00) for each violation, and shall, in addition, be civilly liable in damages to any person injured by such violation.

"Nothing herein contained shall be construed to prevent the Borough or any officer or agency thereof, or any other person, from pursuing any other remedy which it may have to prevent or abate any violation of any provision of this ordinance."

After the adoption of Ordinance 257, the borough filed complaints against the prosecutor in the Recorder's Court, alleging a violation of Ordinance 204 as amended. The matter was heard and resulted in the conviction of the prosecutor and he was sentenced to pay a fine of $25 on each of the six complaints. It is this judgment which he now seeks to review.

The matter came on for argument before this court at the May term, 1947, and, at the request of the court, was reargued and additional briefs submitted at the January, 1948, term.

Point 1 of the prosecutor's brief is addressed to the proposition that Ordinances 204 and 257 are invalid; Ordinance 204 because of the fact that section 19 thereof as it stood prior to amendment gave no discretion to the magistrate in imposing a fine. Assuming that the penalty clause in Ordinance 204 was defective, the question is now presented whether the enactment of Ordinance 257 cured that defect. Prosecutor contends that since the penalty clause of the original ordinance was defective, that thereby the entire ordinance was invalid. The gist of the argument is that Ordinance 204 by reason of the defective penalty clause lacked sufficient vitality to be subject to amendment. This argument leads to the question of whether or not the penalty clause was separable from the balance of the ordinance. We consider that it was. In *Doran* v. *Camden*, 64 *N. J. L.* 666, the Court of Errors and Appeals sustained a conviction holding that the penalty clause was separable from the other sections of the ordinance and that the law was settled that where the provisions of an ordinance are separable, the invalidity of one of the separable parts will not invalidate the entire ordinance. It stated the test of inseparability to be "the dependence of the whole legislation upon the invalid provision." Zoning ordinances are of a regulatory and of a penal character, and the regulatory sections are separable from the penal section. This view finds support in *Ninth Street Improvement Co.* v. *Ocean City*, 91 *Id.* 703. In that case it was contended that the building code which was under review undertook to empower the magistrate to impose both a fine and imprisonment in excess of the power granted to the municipality by its charter. The Court of Errors and Appeals held that the provision of the ordinance

in excess of the statutory power "does not invalidate the ordinance, but only a conviction and sentence thereunder in excess of the statutory power, the invalid provisions being separable." Citing *Doran* v. *Camden, supra*. In *Schait* v. *Senior*, 97 *Id*. 390, a zoning ordinance was involved and the question was whether the invalidity of section 15, providing for a Board of Zoning Appeals invalidated the entire ordinance. The Supreme Court held "that where the portion of an ordinance which is invalid is distinctly separable from the remainder, and the remainder in itself contains the essentials of a complete enactment, the invalid portion may be rejected and the remainder may stand as valid and operative." See *Blake* v. *Pleasantville*, 87 *Id*. 426; *affirmed*, 89 *Id*. 358.

We have considered all of the other points raised by the prosecutor in the brief filed on the original argument and we find no merit in them. Accordingly the writ is dismissed, with costs.