9 N.J. Super. 83 (1950)
74 A.2d 609
LIONSHEAD LAKE, INCORPORATED, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF WAYNE, A MUNICIPAL CORPORATION OF THE COUNTY OF PASSAIC AND STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 5, 1950.
Decided July 20, 1950.
*85 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Reuben P. Goldstein argued the cause for the plaintiff-respondent.
Mr. Edward A. Markley argued the cause for the defendant-appellant (Messrs. Markley & Broadhurst, attorneys; Mr. James J. Langan, on the brief).
Mr. Fred G. Stickel, III, amicus curiae, in behalf of Township of Cedar Grove and other municipalities.
*86 The opinion of the court was delivered by EASTWOOD, J.A.D.
The defendant municipality appeals from a summary judgment of the Superior Court, Law Division, setting aside the provisions of the revised zoning ordinance adopted by the Township Committee on July 12, 1949, fixing the minimum size of dwellings in the several zones.
Lionshead Lake, Inc., is the owner of a tract of land consisting of approximately 2,000 building lots, on which it has erected 81 homes on approximately 245 lots. Under the revised zoning ordinance, its property is located in the residence zone "B." The ordinance, inter alia, fixes the minimum size of dwellings not only in zone "B," but in all other zones created thereby.
Plaintiff filed its complaint in lieu of a prerogative writ under Rule 3:81 to vacate and set aside the zoning ordinance, charging that its provisions were unreasonable, arbitrary and adopted without due regard to the character of the community; that it was an unreasonable exercise of power, contrary to the provisions of the State Constitution and amounted to a confiscation of private property without due process of law. Subsequent to the filing of its complaint, plaintiff moved for a summary judgment. On May 19, 1950, after considering the respective affidavits of the parties and arguments of counsel, the court ordered the entry of a summary judgment in favor of the plaintiff, whereby it set aside and declared invalid the provisions of the ordinance fixing the minimum size of dwellings. From this determination the defendant appeals.
The Township contends that plaintiff's action is premature; that plaintiff has not exhausted its remedies before the administrative tribunal, which it must pursue before the appellate court will entertain an action in lieu of a prerogative writ; and that the court lacked jurisdiction to grant a summary judgment. The plaintiff advances its arguments to the contrary.
The determination of the questions raised by plaintiff in its complaint creates a factual issue and this is clearly disclosed by a reading of the affidavits submitted by the parties *87 at the hearing of the motion for summary judgment. The real issue here is the reasonableness of the control of property for the public good. "The touchstone of the reasonableness of the control is to be found in the relation of the regulation to the health, safety, morals, or the general welfare of the community." Collins v. Board of Adjustment of Margate City, 3 N.J. 200, at p. 206 (1949). Reasonableness is a fact question. American Grocery Co. v. New Brunswick, 124 N.J.L. 293 (Sup. Ct. 1940); affirmed, 126 N.J.L. 367 (E. & A. 1941). In the face of the unresolved factual issue here, we find the court erred in directing the entry of a summary judgment. As is held in Hodes v. Dunsky, 5 N.J. Super. 333, at p. 338 (App. Div. 1949):
"On the motion for summary judgment, conflicting versions of the facts were presented, and widely varying inferences might be drawn. A summary judgment should be granted only if it is obvious that there is no genuine issue and that, as a matter of law, the moving party should have judgment. Rule 3:56-3. Such a judgment should be granted only with much caution. Mitchell v. Wrightstown Community Apartments, 4 N.J. Super. 321 (App. Div. 1949)."
Cf. Jersey Ins. Co. of N.Y. v. Altieri, 5 N.J. Super. 577 (1949); Kaplan v. Catlett, 121 N.J.L. 201 (E. & A. 1938).
The plaintiff's action is not premature. It is conceded that plaintiff not only builds houses but also sells building lots. Plaintiff's attack was directed at the validity of the zoning ordinance. It is clear that under Article IV, Section VI, paragraph 2, of the 1947 Constitution, and as implemented by R.S. 40:55-30 (P.L. 1948, c. 305), the zoning authority of municipalities was extended to permit the regulation of "the nature and extent of the uses of land." Defendant seems to misconceive the nature of plaintiff's action and treats it as one wherein plaintiff is seeking a variance from the applicable provision, whereas plaintiff attacks the ordinance as an unreasonable restriction upon the future use of the land in question. In view of the nature of plaintiff's action, as was held in the case of Ingannamort v. Fair Lawn, 133 N.J.L. 194 (Sup. Ct. 1945), the court may properly review the reasonableness *88 of such an ordinance. In the Ingannamort case the court held at p. 196:
"* * * The ordinance, as amended, is a restriction upon the future use of the property in question. If unchallenged now, the landowner might be regarded as being in laches."
Cf. Brown v. Terhune, 125 N.J.L. 618 (Sup. Ct. 1941); The DeMott Homes, &c., Inc., v. Margate City, 136 N.J.L. 330 (Sup. Ct. 1947); affirmed, 136 N.J.L. 639 (E. & A. 1947).
The only provisions of the ordinance requiring the court's construction and determination were those affecting the minimum size of dwellings in residence zone "B" in which plaintiff's lands are situate. However, the trial court set aside the provisions of the ordinance fixing the minimum size of dwellings in all zones, notwithstanding the fact that there was no attack directed at the applicable provisions affecting other zones, nor was there any proof offered pertaining thereto. In this respect, we are convinced that the court erred. One attacking a zoning ordinance as unreasonable is met by a presumption that the ordinance is reasonable and for the public good and he must bear the burden of establishing the contrary. Brandon v. Montclair, 124 N.J.L. 135 (Sup. Ct. 1940); affirmed, 125 N.J.L. 367 (E. & A. 1940); Lumund v. Bd. of Adjustment of the Borough of Rutherford, 4 N.J. 577 (1950). If the court finds, after a trial of the issue, that the provisions in question affecting zone "B" are invalid, and the invalid portion is distinctly separable from the remainder, and the remainder in itself contains the essentials of the complete enactment, the court may exscind the invalid portion without setting aside the ordinance in toto. Scharf v. Recorder's Court of Ramsey, 137 N.J.L. 231 (Sup. Ct. 1948); affirmed, 1 N.J. 59 (1948); P.J. Ritter Co. v. Bridgeton, 135 N.J.L. 22 (Sup. Ct. 1946); affirmed, 137 N.J.L. 279 (E. & A. 1948); Edwards v. Mayor, etc., of Borough of Moonachie, 3 N.J. 17 (1949).
*89 The judgment of the Superior Court, Law Division, is reversed with costs and the matter is remanded for such further proceedings as are not inconsistent with our determination.