11 N.J. Super. 1 (1950)
77 A.2d 487
SAMUEL TEMPLETON, PLAINTIFF-APPELLANT,
v.
BOROUGH OF GLEN ROCK, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1950.
Decided December 15, 1950.
*2 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. David Cohn argued the cause for the appellant (Mr. Max Rosenbloom, on the brief).
Mr. George Winne argued the cause for the respondent (Messrs. Winne & Banta, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The plaintiff appeals from a summary judgment of dismissal entered in the Law Division in favor of the defendant, Borough of Glen Rock.
The plaintiff's complaint, filed on April 14, 1950, and thereafter duly served, alleged that the Borough of Glen Rock, engaged in an undertaking for profit and through the Glen Rock Independence Day Association, Inc., conducted a carnival and exhibit on July 4, 1949, for profit at the Glen Rock School. It further alleged that at that time the plaintiff, an invitee at the premises, was injured through the negligence of the Borough, the Association, and another named defendant, and sought damages. Cf. Leeds v. Atlantic City, 13 N.J. Misc. 868 (Cir. Ct. 1935); Kane v. Board of Education of Montclair, 20 N.J. Misc. 7 (Sup. Ct. 1941).
Before answer the Borough served notice of motion for summary judgment pursuant to Rule 3:56-3. The notice *3 was accompanied by an affidavit of Mayor Frederick A. Demarest which simply denied that the Borough had engaged in an undertaking for profit or in the carnival and exhibit or that the Borough had received or was entitled to receive any moneys therefrom and stated that the minute book of the Borough did not contain any resolution or motion authorizing the holding of the carnival and exhibit and it was not engaged in the conduct thereof.
An affidavit by Mr. Albert Boustead submitted by the plaintiff in opposition to the motion set forth that he had been a resident of the Borough for the past eight years; during all of these years there had been annual carnivals and exhibits similar to the one conducted on July 4, 1949; he recalled that previous to each carnival and exhibit there had been notices in the local papers and handbills stating that the Borough was again sponsoring the 4th of July celebration and was again engaging the Association to conduct the carnival and exhibit on its behalf and inviting inhabitants of the Borough and their friends to the carnival and exhibit "to be sponsored, conducted, and supervised by the Borough through its arrangement and agreement with the" Association; at the carnival and exhibit an admission charge was imposed which was paid by him and the plaintiff and the moneys realized were, as far as he could ascertain, "turned over on a percentage basis under the Borough's working agreement" with the Association. On the basis of the aforementioned affidavits the court on May 23, 1950, ordered that summary judgment be entered in favor of the Borough. Plaintiff's appeal is from the ensuing judgment and the respondent has raised no question as to its appealability at this time. Cf. Rule 3:54-2; Hogan v. Hodge, 6 N.J. Super. 55, 59 (App. Div. 1949).
The terms of our Rule 3:56-3 were based upon Federal Rule 56(c) which permits the entry of summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. See Taub v. Taub, 9 N.J. Super. 219 (App. Div. 1950). The requirement in our rule that the absence of any *4 disputed material facts must appear "palpably" conforms with earlier state and actual federal practice. See Louis Kamm, Inc., v. Flink, 113 N.J.L. 582, 596 (E. & A. 1934); 2 Waltzinger, New Jersey Practice, p. 893 (1949); 48 Col. L. Rev. 780 (1948). In considering a motion for summary judgment the court is "quite critical of the papers presented by the moving party, but not of the opposing papers" (Hoffman v. Partridge, 172 F.2d 275, 276 (D.C. Cir. 1949)), and will grant it only upon clear showing. Mitchell v. Wrightstown Community Apartments, Inc., 4 N.J. Super. 321, 326 (App. Div. 1949). This is particularly true where the crucial facts are within the sole knowledge of the moving party. Bozant v. Bank of New York, 156 F.2d 787, 790 (2d Cir. 1946). Cf. Datz v. Barry, 115 N.J. Eq. 84, 87 (E. & A. 1934).
Summary judgment is recognized as a wholesome device which may avoid needless delay and expense in awaiting and conducting trial; and the expeditious determination of a cause is admittedly an important goal of our present rules of practice and judicial administration. Nonetheless when its attainment involves the deprivation of a full and fair trial on disputed facts, its price comes too high. See Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135 (2d Cir. 1945); Transcontinental G.P.L. Corp. v. Borough of Milltown, 93 F. Supp. 283, 286 (D.N.J. 1950). In the Doehler case the court noted the time lost in the federal courts where summary judgments have been improvidently entered and reversed on appeal; similar instances in our state courts are not at all rare. See, e.g., Mitchell v. Wrightstown Community Apartments, Inc., supra; Hodes v. Dunsky, 5 N.J. Super. 333 (App. Div. 1949); Lionshead Lake, Inc., v. Township of Wayne, 9 N.J. Super. 83 (App. Div. 1950). In appropriate circumstances premature summary determination might perhaps be avoided by more liberal use of the court's comprehensive power to continue the motion, with conditions if necessary, where pretrial depositions and discovery may serve to remove doubts as to whether there are disputed questions *5 of material facts. Cf. Rule 3:56-7; Goldboss v. Reimann, 44 F. Supp. 756 (D.N.Y. 1942).
In the instant matter we have concluded that the Law Division erred in granting the Borough's application for summary judgment upon the meager showing made and without affording to the plaintiff reasonable opportunity for depositions and discovery. The facts pertaining to the Borough's participation, if any, in the carnival and exhibit were within the knowledge of the Borough and not the plaintiff. Although the Mayor's affidavit contained general denials it did not set forth how the carnival and exhibit were actually arranged and conducted. Similarly, there was no denial or explanation of the newspapers and handbills which allegedly stated that inhabitants of the Borough and their friends were invited to attend the carnival and exhibit to be sponsored, conducted and supervised by the Borough through its arrangement with the Association. We need not suggest that these statements or Mr. Boustead's allegation that, as far he could ascertain, admission fees paid at the carnival were turned over on a percentage basis under the Borough's working agreement with the Association, constituted any legal evidence. They evidently represented the limited sources of information available to the plaintiff upon which his complaint was based and it seems to us that, on the application for summary judgment and under the particular circumstances presented, they may be considered as having raised a factual doubt which the Borough neglected to meet and overcome. We consider the suggested improbability of the plaintiff's allegation that the Borough conducted a carnival and exhibit for profit to be beyond the point (Jaeger v. Naef, 112 N.J.L. 417, 420 (Sup. Ct. 1934)), and since the matter has not been argued we do not pass on any issue relating to the Borough's power to engage in such activity; we are satisfied that, on its motion for summary judgment based upon the palpable absence of genuine issue as to any material fact challenged, the Borough failed to make the required showing.
The summary judgment is reversed, costs to abide the event.