27 N.J. Super. 476 (1953)
99 A.2d 591
THE HASBROUCK HEIGHTS HOSPITAL ASSOCIATION, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
THE BOROUGH OF HASBROUCK HEIGHTS IN THE COUNTY OF BERGEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND ALFRED BROOME, BUILDING INSPECTOR OF THE BOROUGH OF HASBROUCK HEIGHTS, AND ROBERT I. RAFFORD, CLERK OF SAID BOROUGH, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1953.
Decided October 8, 1953.
*478 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Dominick F. Pachella argued the cause for the plaintiff-appellant (Messrs. Pachella & Chary, attorneys).
Mr. Julius Kramer argued the cause for the defendants-respondents (Messrs. Chandless, Weller & Kramer, attorneys; Mr. Ralph W. Chandless, of counsel).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
This appeal presents the issue of the propriety of the judgment of no cause of action entered by the Law Division, Bergen County, in an action attacking the validity of an amendment to the zoning ordinance prohibiting *479 hospitals in residential zones and seeking the issuance of a permit to construct an extension to plaintiff's hospital building.
On December 19, 1951 the governing body of Hasbrouck Heights adopted an amendment to its zoning ordinance which, inter alia, prohibits the use of buildings in residential zones as a nursing home, a public or private hospital, sanitarium or place for institutional care or bed care for three or more patients or inmates. The local planning board held a meeting at which it considered and approved the amendment complained of approximately 45 minutes prior to the borough council meeting.
The parcel of land owned by the plaintiff is approximately 204 feet in frontage on Terrace Avenue with a depth of approximately 290 feet, and with access from the rear by means of a common driveway to Berkshire Road. The entire premises are located in a residence zone, but by the provisions of section 12 of the original zoning ordinance, that portion of the premises adjacent to Terrace Avenue, to a depth of 125 feet was in a "C" residence zone, while the remainder of the premises, and the portion on which there had been constructed a Nurses Home and Temporary Hospital, is in a residential "A" zone. It was on this "A" zone land on which plaintiff proposed to erect a building 41 feet by 48 feet as an addition to the hospital.
On July 7, 1952, application was made for a building permit for the proposed structure and the application was rejected. Thereafter, plaintiff instituted its action in the Law Division to declare invalid the amendment in question and to compel the issuance of a building permit. The trial of the action resulted in a judgment of no cause of action.
The plaintiff contends that the amendment to the zoning ordinance is invalid inasmuch as the municipal government failed to observe the mandatory provisions of R.S. 40:55-35, requiring proposed amendments to the zoning ordinance to be submitted to the planning board for consideration and report within a reasonable time, "not less than thirty days," after which the governing body may consider the passage thereof; *480 that the amending ordinance does not bear a substantial relation to the public health, safety, morals, or general welfare; that to exclude hospitals from all residential zones is an arbitrary fiat and the objections posed by the neighboring property owners were not, of themselves, a proper basis for changes in use to which a property may be put; that the amending ordinance is void in that it purports to amend an ordinance which is void by reason of infirmities of a section thereof.
The original and primary purpose of zoning is to divide a municipality into districts, prescribing and applying different regulations in each district, according to the character of the lands and structures "and their peculiar suitability for particular uses, among other considerations, and uniformity of use within the division." Collins v. Board of Adjustment of Margate City, 3 N.J. 200 (1949). The validity of zoning ordinances adopted by municipalities of our State has been frequently passed upon by our highest courts. The rule of law applicable thereto is well settled and is succinctly stated by Mr. Justice Burling in the case of Monmouth Lumber Co. v. Ocean Township, 9 N.J. 64, 70, 71 (1952), as follows:
"It is well recognized that a zoning ordinance is one of several types of regulation of property by local government, all of which are expressions of the police power. See for example Brandon v. Board of Com'rs of Town of Montclair, 124 N.J.L. 135, 142 (Sup. Ct. 1940), affirmed 125 N.J.L. 367 (E. & A. 1940). Further, it is settled that an exercise of the police power by a legislative body is not rendered unconstitutional merely by the fact that its enforcement works curtailment of private activity, even to the point of prohibition thereof. Collins v. Board of Adjustment of Margate City, 3 N.J. 200, 206 (1949); State v. Mundet Cork Corp., 8 N.J. 359 (1952); Welsh v. Morristown, 98 N.J.L. 630, 634 (Sup. Ct. 1923), affirmed Welsh v. Potts, 99 N.J.L. 528 (E. & A. 1924); Northwestern Laundry v. City of Des Moines, 239 U.S. 486, 36 S.Ct. 206, 60 L.Ed. 396, 401 (1916). Aside from the necessity for compliance with specific constitutional and statutory provisions proscribing the limits of the exercise of the power, the requisite test for validity of a municipal ordinance of this nature is that it be reasonable, and the burden of proof is upon those who attack the ordinance to show that it is unreasonable in the relation of the regulation to the health, safety, morals, or the *481 general welfare of the community. Collins v. Board of Adjustment of Margate City, 3 N.J. 200, 206 (1949); State v. Mundet Cork Corp., 8 N.J. 359 (1952); Brandon v. Montclair, supra (124 N.J.L., at page 149)."
Where there is an established planning board, R.S. 40:55-35 is applicable and provides, inter alia:
"Such regulations, limitations and restrictions may be amended, changed, modified, or repealed, and the boundaries of such districts may be changed, by ordinance, but no amendment or change shall become effective unless the ordinance proposing such amendment or change shall first have been submitted to the planning board, when such board exists, for approval, disapproval or suggestions, and the planning board shall have a reasonable time, not less than thirty days, for consideration and report, and in the case of an unfavorable report by the planning board such amendment shall not become effective except by a favorable vote of two-thirds of the governing body."
The record indicates that the borough clerk, who is also the secretary of the planning board, orally requested the chairman of the planning board to call a meeting, which was done. The planning board meeting was held on December 19, 1951, approximately 45 minutes before the meeting at which the amending ordinance was adopted. The minutes of the planning board disclose that the proposed amendment to the zoning ordinance was considered and approved by it. The borough clerk, the mayor and another member of the governing body attended both the planning board and borough council meetings.
While the statute referred to above indicates that the planning board should report its action to the governing body, there is no evidence in the record of a written report. In view of the attendance of the borough clerk and the mayor at both meetings, it is a reasonable inference that at least an oral report was made to the borough council. We think it would be better practice for the planning board to make a written report to the mayor and council, but the statute does not specifically require it.
Under the authority aforementioned, the burden was on the plaintiff to establish that no report was made. The *482 record reveals that at the trial of the issue all the plaintiff did was to interrogate the borough clerk as to whether any report of the planning board was read to borough council. But, he adroitly avoided inquiring as to whether the mayor and clerk orally reported the planning board's action to the council. Under the circumstances, we conclude that plaintiff failed to sustain its burden of proof that the action of the borough council in the adoption of the amending ordinance was improper in any respect.
We find no merit to plaintiff's contention that the ordinance does not bear a substantial relationship to the public health, safety, morals and general welfare.
The municipality was clothed with the necessary authority to create a zoning district and to exclude a hospital use in a residential "A" district. (R.S. 40:55-30, 40:55-31 and 40:55-32).
"If a municipality is to be zoned for or against various uses, it is inevitable that zones with differing restrictions should abut, and it is likely that a degree of apparent hardship will thus be visited upon the more restricted area along the line of junction. It is not shown to us how this court may for that, and only that, reason command the allowance of an exception by a Board of Adjustment without ultimately sounding the death knell of the whole zoning movement. * * *" Coriell v. Borough of Dunellen, 122 N.J.L. 172, 173 (Sup. Ct. 1939), affirmed 123 N.J.L. 264 (E. & A. 1939).
In discussing the problems that have developed, and continue to develop, because of the great increase and concentration of population in urban areas, requiring additional restrictions in respect of the use and occupation of private lands, the United States Supreme Court in the case of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 118, 71 L.Ed. 303, 310 (1926), stated:
"Such regulations are sustained, under the complex conditions of our day, for reasons analogous to those which justify traffic regulations, which, before the advent of automobiles and rapid transit street railways, would have been condemned as fatally arbitrary and unreasonable. And in this there is no inconsistency, for, while the meaning of constitutional guaranties never varies, the *483 scope of their application must expand or contract to meet the new and different conditions which are constantly coming within the field of their operation. In a changing world it is impossible that it should be otherwise."
More recently our Supreme Court reviewed this matter in the case of Yanow v. Seven Oaks Park, Inc., 11 N.J. 341, 353 (1953), wherein it is stated:
"In Euclid, Ohio, v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 118, 71 L.Ed. 303 (1926), Mr. Justice Sutherland expressed the principles that `* * * If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control' (272 U.S. 365, 47 S.Ct., at page 118, 71 L.Ed., at page 311), and that although an exclusion forbidding uses in general terms may exclude uses which in themselves are `innocuous' and `neither offensive nor dangerous,' this does not alone invalidate the ordinance; and `Such laws may also find their justification in the fact that, in some fields, the bad fades into the good by such insensible degrees that the two are not capable of being readily distinguished and separated in terms of legislation. * * * It cannot be said that the ordinance in this respect `passes the bounds of reason and assumes the character of a merely arbitrary fiat * * *.' (272 U.S. 365, 47 S.Ct. at page 118, 71 L.Ed., at page 311). Cf. Monmouth Lumber Co. v. Ocean Township, 9 N.J. 64, 78 (1952); Schmidt v. Board of Adjustment [of City of] Newark, 9 N.J. 405, 416 (1952)."
It is presumed in law that the zoning ordinance is reasonable in its application to the plaintiff's property, and it is settled that the burden is upon the one who attacks the particular ordinance in question to show clearly that it is unreasonable. Cobble Close Farm v. Board of Adjustment of Middletown Tp., 10 N.J. 442, 451 (1952); Monmouth Lumber Co. v. Ocean Township, supra; State v. Mundet Cork Corp., 8 N.J. 359, 370-371 (1952), certiorari denied 344 U.S. 819, 73 S.Ct. 14, 97 L.Ed. ___ (1952); Yanow v. Seven Oaks Park, Inc., supra. In the present case the plaintiff did not overcome the presumption of reasonableness of the ordinance in question.
Nor is there any substance to the further contention that one section of ordinance No. 580 is allegedly invalid and, therefore, ordinance No. 580 in its entirety is void and ordinance No. 652, being an amendment thereof must fall as *484 being invalid. Assuming, arguendo, that the section of ordinance No. 580 is invalid, the ordinance is separable and can be enforced by exscinding the provision which is deemed to be invalid. As stated in Lionshead Lake, Inc., v. Tp. of Wayne, 9 N.J. Super. 83, 88 (App. Div. 1950):
"* * * If the court finds, after a trial of the issue, that the provisions in question affecting zone `B' are invalid, and the invalid portion is distinctly separable from the remainder, and the remainder in itself contains the essentials of the complete enactment, the court may exscind the invalid portion without setting aside the ordinance in toto. Scharf v. Recorder's Court of Ramsey, 137 N.J.L. 231 (Sup. Co. 1948). affirmed 1 N.J. 59 (1948); P.J. Ritter Co. v. [Mayor of City of] Bridgeton, 135 N.J.L. 22 (Sup. Ct. 1946), affirmed 137 N.J.L. 279 (E. & A. 1948); Edwards v. Mayor, etc., of Borough of Moonachie, 3 N.J. 17 (1949)."
Furthermore, in our opinion, the amending ordinance and the supplement became integrated with the original ordinance which contains a provision (sec. XIX, ordinance, May 9, 1929), declaring that if any section is unconstitutional or otherwise invalid, then the other sections may be enforced.
The judgment is affirmed.