**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0065-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ADOLPHUS DOWNS,

    Defendant-Appellant.

_____

Submitted September 23, 2021 – Decided October 12, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 96-03-0324.

Adolphus Downs, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Adolphus Downs appeals from an August 13, 2019 order denying his motion to correct an illegal sentence. We affirm.

In 1997, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a) (count one); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); first-degree robbery, N.J.S.A. 2C:15-1 (count three); second-degree conspiracy, N.J.S.A. 2C:5-2 (count four); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count five); and third-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(b) (count six). Defendant's convictions arose from the shooting of Jose Rodriguez by Jermile Omar Mayo with a sawed-off shotgun during an armed robbery carried out by Mayo, defendant, and a juvenile.

Defendant was initially sentenced to an aggregate term of life imprisonment subject to a thirty-two-year period of parole ineligibility. However, we reversed the first-degree murder conviction, affirmed the remaining convictions, and remanded for resentencing. State v. Downs, No. A-4160-97 (App. Div. Jan. 19, 2000) (slip op. at 12). Defendant was then sentenced to sixty years, subject to a thirty-year period of parole ineligibility on count two, and a consecutive five-year term, subject to a two-year period of parole ineligibility on count six, for an aggregate sentence of sixty-five years, subject to a thirty-two-year period of parole ineligibility.

2

In 2017, defendant filed his motion to correct an illegal sentence pursuant to Rule 3:21-10(b), arguing the sentencing judge should have merged count six with count three, rather than count two. The motion judge issued a written opinion denying the motion and made the following findings:

> It is clear [the sentencing judge] did not ignore the merger doctrine, as he merged [c]ounts [four] and [five] . . . into [c]ount [three], . . . and then [c]ount [three] into [c]ount [two] . . . .
>
> . . . Count [six], and . . . [c]ount [three], . . . require proof that the other does not. Unlawful Possession of a Prohibited Weapon requires the elements (1) that the item in question is a prohibited weapon as defined in N.J.S.A. 2C:39-3; and (2) that the defendant knowingly possessed that weapon. Robbery, as defined in N.J.S.A. 2C:15-1, on the other hand, requires the elements that (1) the defendant was in the course of committing a theft; (2) that while in the course of committing that theft the defendant: (a) knowingly inflicted bodily injury or used for[ce] upon another; or (b) threatened another with or purposely put him/her in fear of immediate bodily injury; or (c) committed or threatened immediately to commit a crime. . . .
>
> Moreover, the legal concept of merger is based on the principle that "an accused [who] has committed only one offense cannot be punished as if for two." State v. Davis, 68 N.J. 69, 77 (1975). In determining whether sentences for separate offenses should be served concurrently or consecutively, a sentencing court should focus on the fairness of the overall sentence. State v. Miller, 108 N.J. 112, 121 (1987). The . . . [C]ourt also noted that "[t]he focus should be

3

on the fairness of the overall sentence, and the sentencing court should set forth in detail its reasons for concluding that a particular sentence is warranted." Id. at 122.

In the instant matter, [the sentencing judge] detailed, rather extensively, his reasons as to why he elected to run [c]ount [six] . . . and [c]ount [three] . . . concurrently as opposed to consecutively. One of [the j]udge['s] rationales was that he "did not detect ever a statement or signal of remorse from the defendant." . . . Moreover, [the sentencing judge] noted that "there were a number of references in the trial that connected [defendant] or put him in the presence and in the company of . . . Mayo with this sawed-off shotgun." . . . [The judge] . . . reason[ed] that "the presence of the gun on this occasion certainly was not a surprise to [defendant], although I recognize that it was . . . Mayo's gun and never alleged to be [defendant's] gun." . . . In highlighting the above, [the judge] underlined that he took such realities "into account when [he] structured the sentence on the possession of the gun charge." . . .

Additionally, the State cites to case law that per se criminalizes the possession of, among other weapons, a sawed-off shotgun, unless the possessor can demonstrate an "explainable lawful purpose." State v. Montalvo, 229 N.J. 300, 316 (2017) (citing N.J.S.A. 2C:39-3). The [d]efendant has not posited any such explanation. This, however, is only one of the three possessory weapons offenses that New Jersey outlines. [Ibid.]

. . . Although possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-5(d), calls for an inquiry into the intent of the possessor of a weapon, intent is not an element of unlawful possession of a weapon. Therefore, the proper inquiry under N.J.S.A.

4                                                    A-0065-19

2C:39-5(d) is not one of intent, but whether the circumstances surrounding the possession were manifestly appropriate for lawful use. . . . Here, the circumstances surrounding the possession of the sawed-off shotgun do not connote any such lawful use.

. . . .

. . . [T]he essence of the charge of unlawful possession of a weapon is the failure to possess a permit or possession of a weapon that is per se illegal, whereas the essence of a weapon for an unlawful purpose is the possession of a weapon with the intent to use it in an unlawful manner. State v. Cooper, [2]11 N.J. Super. 1, 22-23 (App. Div. 1986). The [d]efendant's possession, actual or constructive, of a sawed-off shotgun, in and of itself — irrespective of the illegal purpose, is sufficient to satisfy the crux of the charge because of the per se illegality of the specific weapon.

Defendant raises the following point on this appeal:

POINT ONE – BECAUSE THE TRIAL COURT ERRED BY DENYING DEFENDANT'S R[ULE] 3:21-10(b)(5) MOTION TO CORRECT AN ILLEGAL SENTENCE, AND AN OPPORTUNITY FOR ORAL ARGUMENT, THE ORDER DENYING RELIEF SHOULD BE REVERSED AND REMANDED FOR A HEARING ON DEFENDANT'S CLAIM.

"[A] truly 'illegal' sentence can be corrected 'at any time.'" State v. Acevedo, 205 N.J. 40, 47 n.4 (2011) (quoting R. 3:21-10(b)(5)). "A sentence is illegal if it . . . is 'not imposed in accordance with law' . . . ." State v. Locane, 454 N.J. Super. 98, 117 (App. Div. 2018) (quoting Acevedo, 205 N.J. at 45).

A-0065-19

The constitutionality of a defendant's sentence is reviewed de novo. State v. Pomianek, 221 N.J. 66, 80 (2015).

Defendant argues the motion judge erred by denying the motion without oral argument or an evidentiary hearing and failing to appoint defense counsel. He asserts his sentence is illegal because the sentencing judge "failed to heed the guidance provided by the Appellate Division for resentencing" and failed to merge count six with count three.

Having considered defendant's arguments in light of the record and our de novo review, we affirm substantially for the reasons set forth in the motion judge's opinion. We add the following comments.

We reject defendant's contention the lack of oral argument or failure to appoint counsel warrant reversal. There is no indication defendant sought oral argument or the appointment of counsel because defendant has not attached a copy of his motion. See R. 2:6-1(a)(1)(I) (appellant's appendix must include those portions of the record "essential to the proper consideration of the issues, . . .").

Moreover, Rule 3:21-10(c) states "upon a showing of good cause, the court may assign the Office of the Public Defender to represent the defendant" in a motion filed pursuant to Rule 3:21-10. Even if defendant requested counsel,

6

we are unconvinced there was a showing of good cause to warrant granting his request for counsel because defendant's arguments for revisiting his sentence lacked merit.  See R. 2:11-3(e)(2).

We are likewise unpersuaded an evidentiary hearing was necessary.  "A hearing need not be conducted on a motion filed under paragraph (b) hereof unless the court, after review of the material submitted with the motion papers, concludes that a hearing is required in the interest of justice."  R. 3:21-10(c).  The judge was not required to hold a hearing because the motion raised a question readily adjudicated by a review of the sentencing transcript and the statutes governing defendant's convictions.

As the motion judge noted, there were no grounds for merging counts six and three.  An evidentiary hearing would not have shed further light on this issue.  Finally, we note a "defendant's contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality' and are not cognizable . . . under . . . Rule 3:21-10(b)(5) . . . ."  Acevedo, 205 N.J. at 47.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0065-19